■ In the Matter of Tina Marie Williams, Respondent, v Frank Boger, Appellant. (And Another Related Proceeding). [822 NYS2d 647]—

Crew III, J.P. Appeal from an order of the Family Court of Schoharie County (James, J.H.O.), entered August 17, 2005, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

Petitioner and respondent are the biological parents of a child born in 1999. The parties, who never married, resided together until early 2001, after which they voluntarily entered into an alternating physical custody arrangement, ultimately settling upon an agreement whereby the child spent two weeks on/two weeks off with each parent. Following a failed reconciliation attempt, and in response to the child's stated desire to no longer go back and forth between his parents, petitioner commenced this proceeding in Dutchess County, subsequently transferred to Schoharie County, seeking custody of her son, and respondent cross-petitioned for similar relief. A hearing ensued, at the conclusion of which Family Court awarded the parties joint legal custody, with primary physical custody to petitioner and visitation to respondent. This appeal by respondent ensued.

Although respondent is correct in noting that Family Court failed to undertake a best interest analysis prior to granting petitioner's application, given the well-developed record before us and in light of this Court's broad fact-finding powers (*see Matter of Valentine v Valentine*, 3 AD3d 646, 647 [2004]), this issue need not detain us. Simply put, the record reveals that petitioner and respondent are fit and loving parents, each of whom is more than capable of providing a stable and nurturing environment for their child. To their great credit, the parties have demonstrated an ability to work together and to place their child's interests ahead of their own. Each candidly acknowledges that the other is a good parent, and it is clear that their child has benefitted from both the parties' amiable relationship and regular contact with each of them. That said, given that the child now has reached school age and in view of the fact that his parents no longer reside in the same locale, Family Court had to award primary physical custody to one of them. On that point, although respondent's home is more than adequate for the child's needs, we are of the view that petitioner's decision to reside in a less rural community than respondent not only facilitates day care arrangements for the child, which respondent acknowledged has been a challenge given the nature of the area where he lives, but affords the child greater opportunity to interact with other children and maintain contact with members of his extended family.

In reaching this result, we have not attached any great significance to either respondent's past problem with alcohol or petitioner's current prescription for an antidepressant, as there is no indication that such issues have in any way affected their respective abilities to parent their child. Nor are we particularly troubled by petitioner's frequent moves, as at least some of these relocations were occasioned by the course of her relationship with respondent. Both parties are gainfully employed, have appropriate housing, clearly love their child and have the financial and emotional wherewithal to provide for his needs. On balance, however, we find that the child's best interest is served by primarily residing with his mother.

As a final matter, although not raised by respondent, we are troubled by a provision in Family Court's order directing that "the parties are to consult one another on matters involving the health and education of their child and, in the event that they are unable to come to a joint decision, [petitioner] is to prevail." Such a directive is, in our view, antithetical to the concept of joint legal custody. Moreover, given the parties' history of cooperation, there simply is no basis upon which to award

petitioner superior decision-making authority on such matters. Accordingly, that portion of Family Court's order cannot stand.

Carpinello, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered that "the parties are to consult one another on matters involving the health and education of their child and, in the event that they are unable to come to a joint decision, [petitioner] is to prevail"; strike said provision from said order; and, as so modified, affirmed.