■ In the Matter of STACEY BEDARD, Respondent, v KRISTINE BAKER, Appellant. [835 NYS2d 511]—

Mugglin, J. Appeal from an order of the Family Court of Clinton County (Lawliss, J.), entered July 27, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties to this custody proceeding are the unwed parents of a daughter (born in 1999). In October 2003, Family Court ordered, pursuant to the parties' stipulation, that respondent (hereinafter the mother) would have sole custody of the child subject to reasonable and liberal visitation in favor of petitioner (hereinafter the father). Additionally, in accordance with the agreement of the parties, the custody order prohibited the mother from moving more than 50 miles from her then residence, without notifying the father. As a result of the mother's conduct (hereinafter discussed), the father commenced this proceeding in March 2006 seeking a modification of the prior order of custody. Following a fact-finding hearing, Family Court awarded sole custody to petitioner, subject to specific unsupervised visitation in favor of the mother. The mother appeals.

We affirm. As a preliminary matter, in order to warrant modification of an existing Family Court custody order, a petitioner must establish that a significant change in circumstances has occurred since the entry of the initial order and that a change in custody is in the best interests of the child (*see Matter of Peck v Bush*, 35 AD3d 1118, 1118 [2006]; *Matter of Reichenberger v Skalski*, 24 AD3d 1101, 1102 [2005]). Here, Family Court's bench decision fails to make any findings of fact or conclusions with regard to whether the evidence established a significant change in circumstances, but this failure does not require reversal as urged by the mother. Our review of the record, and particularly the findings of fact made by Family Court, unequivocally demonstrates the existence of a significant change in circumstances warranting an examination of what is required in the best interests of the child (*see Matter of Drew v Gillin*, 17 AD3d 719, 720 [2005]).

Next, we reject the mother's present contention that the best interests of the child require a continuation of the prior custody order. In determining the best interests of a child, Family Court is required to consider many factors, including but not limited to the quality of the respective home environments, each parent's past performance and stability, and each parent's fitness and ability to guide and provide for the child's development (*see Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]; *Matter of De Hamel v Porto*, 22 AD3d 893, 894 [2005]). Moreover, since the trial court has a first-hand opportunity to evaluate the credibility of the parties and witnesses, its custodial determination is accorded great deference and will not be disturbed unless the record clearly demonstrates an inadequate basis therefor (*see Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038 [2006]).

Applying these principles, we find no reason to disturb Family Court's award of custody to the father. While the record establishes that he was at times passive in seeking visitation with his daughter, we agree with Family Court's conclusion that the mother's questionable judgment, unstable lifestyle, long-term lack of employment and refusal to foster a meaningful relationship between the child and her father substantiate its finding that a change in custody is consistent with the child's best interests. Of particular note, in June 2004, in complete disregard of Family Court's prior order, the mother, with her then boyfriend, her other child and this child, moved to California, without notice or permission. At the time, the mother was on probation from her April 2002 conviction for criminal contempt in the second degree and endangering the welfare of a child, both of which resulted from her physical altercation with the father in the presence of the child in violation of an order of protection. Additionally, the record is replete with instances of unacceptable anger when the mother discovered that the father was visiting with the child. Moreover, she has had at least two paramours with criminal convictions. On the other hand, the father has been consistently employed and is presently taking classes to become a licensed practical nurse. He has no criminal background, is currently engaged to a nurse, and has strong family support in the area. On balance, Family Court correctly concluded that the child would enjoy a more stable and supportive environment if custody were granted to him. Since this determination is clearly supported by the record, we will not disturb the award of custody to the father.

Peters, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.