■ In the Matter of RICHARD S. DIFFIN, JR., Respondent, v TANYA TOWNE, Formerly Known as TANYA DIFFIN, Appellant. (And Three Other Related Proceedings.) [849 NYS2d 687]—

Cardona, P.J. Appeal from an order of the Family Court of Montgomery County (Cortese, J.), entered August 11, 2006, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act articles 4 and 6, to modify a prior order of custody and visitation.

The parties were married in 1993 and divorced in 2000. They have a son, Derrell, who was born in 1995. In 1997, they entered into a separation agreement which was later incorporated but not merged into their judgment of divorce. They agreed to joint legal custody of their son with primary physical custody to respondent (hereinafter the mother), residing in New York, and liberal visitation to petitioner (hereinafter the father), who resides in Virginia. This arrangement was not challenged by either party until April 2004, when the father learned that the mother, who was a member of the Army National Guard, was to be deployed to Iraq in May 2004 for a period of at least one year. He then petitioned for custody of Derrell.

The mother sought to stay the proceedings pursuant to Military Law §§ 304 and 307, which require a court, upon application of a person in military service, to stay any proceeding in which the person is involved during the period of such duty, unless the person's ability to participate in the lawsuit is unaffected by his or her military service.* Family Court stayed the proceeding against the mother, but issued a temporary order of custody placing Derrell with his father. At the end of the school year, the child moved to Virginia to reside with his father, who lived with his wife and their daughter.

In October 2005, the mother petitioned Family Court for reinstatement of the original custody arrangement to be effective upon her return from duty in November 2005. The father then petitioned to modify the temporary custody order to award primary physical custody to him, with substantial visitation to the mother.

A trial was held on all petitions, at the outset of which the parties stipulated to joint legal custody of Derrell, leaving only the issue of physical custody to be resolved. Following testimony from both parties and the father's wife, as well as a *Lincoln* hearing, Family Court, among other things, partially granted the father's custody petitions by awarding him primary physical

---

* The mother, who had remarried and had another son with her husband, Jason Towne, argued that Towne should have physical custody of Derrell during her absence.

custody of Derrell, with the mother having visitation every summer and winter recess, and other school recesses on a biennial basis. This appeal by the mother ensued.

A petitioner seeking to modify an existing custody order must demonstrate that since the order was entered there has been a significant change in circumstances such that a change in the custody arrangement is in the child's best interests (*see Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]; *Matter of Kerwin v Kerwin*, 39 AD3d 950, 951 [2007]). Where a significant change in circumstances is established, among the myriad factors to be considered in assessing the child's best interests are " 'maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent' " (*Kaczor v Kaczor*, 12 AD3d 956, 958 [2004], quoting *Matter of Smith v Miller*, 4 AD3d 697, 698 [2004]; *see Matter of Eck v Eck*, 33 AD3d 1082, 1083 [2006]). Given Family Court's opportunity to evaluate the credibility of the parties and witnesses, we accord great deference to that court's custodial determination unless it lacks a sound and substantial basis in the record (*see Matter of Bedard v Baker*, 40 AD3d at 1165; *Matter of Eck v Eck*, 33 AD3d at 1083; *Matter of Kemp v Kemp*, 19 AD3d 748, 750 [2005], *lv denied* 5 NY3d 707 [2005]).

We begin our discussion by noting that the parties are both excellent parents. Both have demonstrated stable employment, adequate income, suitable homes, and an unwavering commitment to Derrell's well-being. Indeed, the parties enjoyed a long-standing shared custody arrangement that nurtured Derrell's relationships with both parents, his half siblings, his stepparents and other family members; an arrangement which, but for the mother's deployment in 2004, might well remain in effect today.

However, the fact remains that the mother was deployed and, while we do not hold that her deployment in and of itself constitutes a significant change in circumstances, we must consider the consequences of her extended absence in determining whether such a change exists. Since shortly after Family Court issued the temporary custody order, Derrell has been living with his father and has adjusted well. Not only has he done well academically, he has actively participated in organized sports, made friends and developed a strong bond with his sister. Importantly, coupled with the substantial changes in Derrell's life is the change in the mother's situation, in that she is now legally separated from her husband and shares custody of Der-

rell's brother with him, and has vacated the marital home where Derrell lived before moving in with his father. Without assigning blame to the mother for any of these intervening events, we conclude that, taken together, they constitute a significant change in circumstances sufficient to trigger an analysis of Derrell's best interests.

Initially, in that regard, we note that Derrell has expressed no preference to reside with one parent over the other. Additionally, we agree with Family Court's findings that both parents are fit and financially able to care for him, and we also recognize that each parent has been, and remains, willing to foster Derrell's relationship with the other. Both parents are concerned with his academic success and have shown, overall, the ability and willingness to guide him in that regard. Both also have adequate living arrangements.

Furthermore, Derrell has family ties in both New York and Virginia. The father is married and Derrell has a good relationship with his stepmother; the mother is legally separated, but has an amicable relationship with her husband, with whom Derrell also has a good relationship. In his father's home, Derrell resides full time with his half sister. Derrell's grandparents, with whom he is close, reside near the mother, as do other maternal relatives. He has also formed relationships with his stepmother's relatives in Virginia. In sum, while the father's situation is more settled than the mother's in that he owns his home and is in an apparently steady marriage, the record establishes that Derrell would be loved, supported and well cared for in the custody of either parent.

Notably, in determining best interests, we must also consider the advantage to a child of maintaining stability in his living situation (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Dintruff v McGreevy*, 34 NY2d 887, 888 [1974]; *Matter of Gitchell v Gitchell*, 165 AD2d 890, 895 [1990]; *Matter of Garcia v Doan*, 132 AD2d 756, 757 [1987], *lv dismissed* 70 NY2d 796 [1987]; *Matter of Bishop v Lansley*, 106 AD2d 732, 733 [1984]). At present, Derrell is settled in his school and doing well, plays on several teams, has ongoing friendships with local children, and is comfortable and happy in his father's home. Although it is likely that Derrell would be equally well settled and happy had he continued living with his mother without interruption, and although the disruption caused by her deployment was not her fault, this record does not demonstrate that Derrell's best interests would be *enhanced* by ordering a change in his present physical custody. Under the circumstances of this case, his interests are best served by the stability of an uninterrupted custody arrangement.

Finally, although not determinative, we note that this conclusion accords with the Law Guardian's position both at the hearing and on this appeal (*see Matter of Armstrong v Crout*, 33 AD3d 1079, 1082 [2006]; *Matter of Kemp v Kemp*, 19 AD3d at 751).

The parties' remaining contentions have been considered and found to be unpersuasive.

Peters, Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.