■ In the Matter of ROBERT CALANDRESA, Respondent, v ALICE E. CALANDRESA, Appellant. (And Another Related Proceeding.) [879 NYS2d 602]—

Malone Jr., J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered June 25, 2008, which, among other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of one child (born in 1997). Pursuant to a consent order that was incorporated into their judgment of divorce in 2006, the parties shared joint custody of their daughter, with the mother having primary physical custody. In June 2007, the father commenced the first of these proceedings seeking sole custody of the child, alleging, among other things, that the mother had failed to abide by the terms of the custody order. The mother then cross-petitioned, also seeking sole custody of the child. Following a fact-finding hearing, as well as a *Lincoln* hearing, Family Court determined that the animosity between the parties rendered a joint custody arrangement unworkable, thereby constituting a substantial change in circumstances warranting a modification of the custody order, and granted the father's petition. While agreeing that the animosity between the parties warranted a modification of the custody order, the mother nevertheless appeals, contending that sole custody should have been granted to her.

"The primary consideration in any custody matter is the best

---

2. The prior guardianship orders are not part of the record.

interests of the child" (*Matter of Eck v Eck*, 57 AD3d 1243, 1244 [2008] [citation omitted]). Based upon our review of the record, and according the appropriate deference to the credibility assessments made by Family Court (*see id.* at 1244; *Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]), we find no basis upon which to disturb Family Court's determination to award sole custody to the father.

In evaluating the best interests of the child, a court must consider numerous factors, including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child's intellectual and emotional development (*see Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Bedard v Baker*, 40 AD3d at 1165). Here, it was revealed that the father continued to reside in the marital home, where the child maintains the room that she has had since infancy. To the contrary, the mother demonstrated a level of instability in that she has had numerous residences since the parties' divorce and, at the time of the hearing, was planning yet another move. Although Family Court found both parents to be equally financially capable of taking care of the child, it found that the father's home was more appropriate to meet the child's needs. For example, the house that the mother planned to move into with her boyfriend had been unfinished and open to the elements for at least five years. Although it was equipped with running water, it had no windows, interior walls or a kitchen. The mother testified that she planned to live in the house as she worked to complete it, but that it could take five or six months to finish. The house was also located in a different town and would require the child to change school districts, a fact with which the mother appeared to be unconcerned.

Family Court also determined that the mother was not as willing as the father to encourage the child to maintain a relationship with the other parent. Specifically, Family Court found that the mother had withheld visitation from the father as retaliation for perceived wrongs to her, and that she often responded negatively to the father to the detriment of the child. Finally, Family Court noted that the mother evinced a lack of consideration for the child's welfare by allowing her boyfriend to frequently smoke cigarettes in the child's presence and cited the unrefuted testimony that the mother also allowed the boyfriend to drink excessive amounts of beer and other alcohol in the home.

Based on the foregoing, we find that there is a sound and substantial basis in the record to support Family Court's deter-

mination that it was in the child's best interest to award sole custody to the father (*see Matter of Bedard v Baker*, 40 AD3d at 1165; *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the order is affirmed, without costs.