■ In the Matter of ANTONIO SILER, Respondent, v MACHELLE WRIGHT, Appellant. [882 NYS2d 574]—

Peters, J.P. Appeal from an order of the Family Court of Schoharie County (Bartlett III, J.), entered June 11, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for modification of a prior order of custody.

The parties are the parents of two children (born in 1995 and 1997). Pursuant to a 2003 stipulated order of custody, respondent (hereinafter the mother) was granted physical custody with visitation to petitioner (hereinafter the father). Slight amendments to the terms of visitation contained in that order were made in 2005. Thereafter, the father commenced a modification petition seeking sole custody of the children based upon the mother's frequent moves, her chaotic personal life and the children's poor school attendance and grades. By a decision and order entered in April 2007, Family Court dismissed the father's petition, but noted that it was "a very close case," and admonished the mother that she must not subject the children to any further dislocation and must make diligent efforts to maintain stability in the children's lives and ensure that their school attendance and grades improve.

Approximately four months later, the father commenced this proceeding to modify custody on the grounds that the mother had relocated yet again, she was no longer employed and the children's grades and attendance at school continued to suffer. Family Court granted the father temporary physical custody of the children and, soon thereafter, permitted the children to be enrolled in the school district where the father resided. Following fact-finding and *Lincoln* hearings, Family Court found a change in circumstances warranting a modification of custody and, by order entered June 11, 2008, granted sole custody to the father and visitation to the mother on alternating weekends, with school vacations split between the parties. The mother now appeals from that order.

Initially, we cannot conclude that this appeal has been rendered moot by a subsequent order of Family Court. While this appeal was pending, the parties appeared before the court concerning a petition to modify visitation brought by the father and a violation petition filed by the mother. At that time, the parties agreed to withdraw their respective petitions and stipulated to an order, entered September 10, 2008, which made minor adjustments to the visitation schedule but otherwise left unchanged the custody provision. This order was engendered solely as a result of petitions dealing with visitation issues and,

in the absence of the transcript of the proceeding before Family Court, does not establish that the mother relinquished her right to pursue this custody appeal (*see Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]; *Matter of Rush v Rush*, 201 AD2d 836, 837 [1994]).*

Turning to the merits, it is by now well settled that a parent seeking to modify an existing custody order bears the burden of proving that there has been a sufficient change in circumstances since the entry of that order warranting a modification thereof in the children's best interests (*see Matter of Gorham v Gorham*, 56 AD3d 985, 986 [2008]; *Matter of Grant v Grant*, 47 AD3d 1027, 1028 [2008]). In determining whether a modification will serve the best interests of the children, factors to be considered include maintaining stability in the children's lives, the quality of the respective home environments, the length of time the present custody arrangement has been in place and each parent's past performance, relative fitness and ability to provide for and guide the children's intellectual and emotional development (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009]; *Matter of Valenti v Valenti*, 57 AD3d 1131, 1133 [2008], *lv denied* 12 NY3d 703 [2009]). Due to Family Court's ability to evaluate the testimony and assess the credibility of witnesses, its factual findings are accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Gravelding v Loper*, 42 AD3d 740, 742 [2007]; *Matter of Bessette v Pelton*, 29 AD3d 1085, 1087 [2006]).

Since the 2003 custody order, the mother moved on several occasions, causing the children to be uprooted from both their homes and their schools. During this time, the children's grades floundered and the mother failed to ensure that they regularly attended school. Indeed, despite Family Court's admonitions to the mother in its April 2007 decision, she relocated twice thereafter without informing the father, and the children's attendance and grades at school continued to suffer while in her care. She also introduced yet another paramour into the children's life, and left her full-time employment to pursue a career in nursing which, while commendable, jeopardized both the children's health insurance coverage and her present ability to support herself and the children. We agree that the mother's inability to ensure that the children's educational needs were being met, frequent change of residences and otherwise unstable lifestyle constitute a substantial change in circumstances

* Indeed, the mother represents that she specifically reserved her right to continue her appeal from the June 2008 order. Regrettably, such reservation was not incorporated into the resulting order.

warranting a revisitation of the issue of custody (*see Matter of Tavernia v Bouvia*, 12 AD3d 960, 961 [2004]; *Matter of Hudson v Hudson*, 279 AD2d 659, 660-661 [2001]).

We also find that Family Court's determination to award sole custody to the father has a sound and substantial basis in the record. The father offered consistency and stability in the children's lives that the mother was unable to provide, maintaining steady employment and providing an appropriate home with his wife and her three children. Since August 2007 when they began residing with the father, the children have flourished both academically and socially. Both the parties and school personnel testified to the children's improved attendance and academic performance in their new school, and even the mother acknowledged that their transition into this school district has been so successful that they should remain there. They actively participate in organized sports and extracurricular activities and have made many friends in their new school. While at times expressing aversion to living with the father, the record reveals that this stems from the level of rigidity imposed by him on the children's lives, such as assigning chores and ensuring that homework was done at the table. Although the mother has a very close relationship with the children and her role as the children's primary custodian for nearly all of their lives is an important consideration in maintaining stability (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Hudson v Hudson*, 279 AD2d at 660), the record amply supports Family Court's determination that the father could provide greater stability here and that awarding him custody would be in the best interests of the children (*see Matter of Tavernia v Bouvia*, 12 AD3d at 962; *Matter of Moreau v Sirles*, 268 AD2d 811, 813 [2000], *lv denied* 95 NY2d 752 [2000]). Moreover, although by no means determinative, this conclusion is in accord with the position advanced by the Law Guardian both at the hearing and on appeal (*see Matter of Diffin v Towne*, 47 AD3d 988, 992 [2008], *lv denied* 10 NY3d 710 [2008]; *Matter of Armstrong v Crout*, 33 AD3d 1079, 1082 [2006]).

Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.