In the Matter of DAVID F. COOL, JR., Respondent, v PATRICIA R. MALONE, Respondent, and JESSICA L. JACKSON, Appellant. (And Other Related Proceedings.) [887 NYS2d 334]—

Malone Jr., J. Appeal from an order of the Family Court of Otsego County (Burns, J.), entered October 23, 2008, which,

among other things, granted petitioner's application, in proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent Jessica L. Jackson (hereinafter the mother) are the parents of three daughters, Makayla (born in 1998), Jadha (born in 2000) and Madison (born in 2003). The mother and father had married in 1999, were separated in 2003 and divorced in 2005. At the time of their separation, the mother had primary physical custody of the children and the father had weekend visitation. This arrangement was modified by an order entered on consent in March 2008, following an incident in which the mother left the children unsupervised for two days while she attended a party, at which she drank alcohol and smoked crack cocaine. Pursuant to the consent order, the mother and father shared joint legal custody, the father took primary physical custody of Jadha and Madison, and the maternal grandmother—respondent Patricia R. Malone (hereinafter the grandmother)—took primary physical custody of Makayla. The father commenced these proceedings[1] seeking custody of Makayla after the parties engaged in numerous disputes regarding, among other things, his visitation with the child. The mother then filed two petitions seeking custody of the children and two violation petitions, one of which she withdrew before the hearing. The grandmother then filed two petitions seeking joint custody of Makayla with the mother and two violation petitions. After a fact-finding hearing, Family Court awarded the father sole legal custody of the children and dismissed all remaining petitions. The mother appeals and, as limited by her brief, contests only the award of sole custody to the father.[2]

A petitioner seeking modification of an existing custody arrangement is required to demonstrate that a substantial change in circumstances occurred that necessitates a modification to further the best interests of the child (see Matter of Passero v Giordano, 53 AD3d 802, 803 [2008]). Family Court's determinations in this regard will not be disturbed when they have a substantial basis in the record (see Matter of Siler v Wright, 64 AD3d 926, 928 [2009]). Although Family Court did not specifically articulate whether it found that the father had demonstrated a substantial change in circumstances, based upon our review of the record, we are satisfied that circumstances had changed such that it was necessary for the court to review the

1. The father also filed a violation petition and a family offense petition, which were dismissed by Family Court.

2. None of the related proceedings is at issue on this appeal.

children's best interests (*see Matter of Samuel v Samuel*, 64 AD3d 920, 921 [2009]; *Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]).

Initially, we find that the record contains ample evidence that increasing animosity between the mother and father, among other reasons, rendered a joint legal custody situation unworkable (*see Matter of Calandresa v Calandresa*, 62 AD3d 1055, 1055-1056 [2009]). Further, there is a sound and substantial basis in the record for Family Court's determination that the children's best interests are served by granting sole legal custody of them to the father. Among other reasons, the mother has a history of substance abuse and mental health issues that caused the court to have "serious concerns regarding her mental stability and her fitness as a parent." In addition, the mother had relocated several times in the five years preceding the hearing, which caused Makayla to attend at least three different schools. As a result, Makayla experienced academic problems and had difficulty socializing with her peers. Further, the mother's employment history revealed that she had not been able to hold on to a job for more than three months at a time in the last year. In contrast, the father maintained a stable home life with steady employment and was able to better provide for the children's physical, emotional and educational needs. Although Family Court may have improvidently precluded the mother from offering testimony that the father was in arrears in child support (*see e.g. Matter of Grayson v Fenton*, 13 AD3d 914, 916 [2004]), any such error was harmless given the other evidence supporting the custody determination. Thus, according deference to Family Court's credibility determinations, we agree that it was in the children's best interests to award sole legal custody to the father (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009], *lv denied* 13 NY3d 702 [2009]).

Contrary to the mother's contention, Family Court did not abuse its discretion by considering proof regarding events that occurred prior to the last custody order. Family Court was "vested with broad discretion" in determining the parameters for proof to be accepted at the hearing (*Matter of Painter v Painter*, 211 AD2d 993, 995 [1995]). Notably, while the father's testimony on direct examination was limited to matters occurring after the entry of the last order, the mother's attorney began cross-examination of the father with questions regarding events going back as far as the date of the parties' marriage. In fairness to all, Family Court allowed the father and the Law Guardian to also inquire about events that occurred during the same time frame. Although one result of such decision was that proof unfavorable to the mother was put into evidence, and was

relied upon by Family Court, under these circumstances it cannot be said that the court abused its discretion (*see e.g. Matter of McGovern v McGovern*, 58 AD3d 911, 913 [2009]; *Matter of Painter v Painter*, 211 AD2d at 995).

Finally, the mother's claims regarding certain testimony offered with respect to the father's violation petition need not be addressed inasmuch as Family Court dismissed that petition. To the extent not specifically addressed herein, the mother's remaining contentions have been examined and found to be unpersuasive.

Cardona, P.J., Peters, Lahtinen and Stein, JJ., concur. Ordered that the order is affirmed, without costs.