■ In the Matter of AMY FULLER, Respondent, v JOSHUA BARRETO, Appellant, et al., Respondent. [897 NYS2d 921]—

McCarthy, J. Appeal from an order of the Family Court of Greene County (Lalor, J.), entered July 8, 2008, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner and respondent Joshua Barreto (hereinafter the father) are the parents of a daughter (born in 2004). The father was found to have neglected the child and apparently is subject to an order of protection prohibiting him from having any contact with her. He is presently incarcerated. In May 2007, Family Court awarded custody to petitioner with the condition that she not remove the child from the court's jurisdiction

without prior court approval, and also awarded visitation to respondent Catherine Watson, the child's maternal grandmother.

In 2008, petitioner commenced this proceeding seeking to relocate with the child, continue the child's weekend visitation with Watson and prohibit the father from exercising any visitation. The father was not present at the initial appearance on the petition. Noting that he was in prison and had no court-ordered visitation, Family Court concluded that issues regarding visitation with the father were academic and otherwise granted the petition. The father appeals.

Initially, we disagree with petitioner's and the Law Guardian's contentions that this appeal is moot based upon the father subsequently filing a petition for visitation. That petition has not been resolved and, in any event, deals with different issues than petitioner's relocation petition (*see Matter of Siler v Wright*, 64 AD3d 926, 927-928 [2009]; *Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]; *compare Matter of Yishak v Ashera*, 68 AD3d 1282, 1284 [2009]; *Matter of Rebecca O. v Todd P.*, 309 AD2d 982, 983 [2003]).

Although the record contains the father's mailing address, there is no indication in this record that the petition was mailed and, thus, no proof that he had notice of this proceeding (*see* Family Ct Act § 154-a; *Matter of Church v Church*, 294 AD2d 625, 625-626 [2002]).* Under these circumstances, we reverse and remit for further proceedings on the petition upon proper notice to all parties (*cf. Matter of Hohenforst v DeMagistris*, 44 AD3d 1114, 1116-1117 [2007]). The provisions of the 2008 order regarding relocation and visitation with Watson shall stand as an interim order pending the determination of Family Court upon remittal.

Cardona, P.J., Peters, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Greene County for further proceedings not inconsistent with this Court's decision.

---

* Petitioner attached a copy of the summons to her brief, but that document is not part of the record on appeal. In any event, even if the summons contains the father's correct address, the record does not contain proof that the summons was actually mailed to him at that address.