■ In the Matter of DONALD H. CLAFLIN, Appellant, v ELENA C. GIAMPORCARO, Formerly Known as ELENA C. CLAFLIN, Respondent. (And Another Related Proceeding.) [904 NYS2d 580]—

McCarthy, J. Appeal from an order of the Family Court of Madison County (McDermott, J.), entered December 9, 2008, which granted respondent's application, in two proceedings pur-

suant to Family Ct Act article 6, to modify a prior order of custody.

When petitioner (hereinafter the father) and respondent (hereinafter the mother) obtained a divorce in 2005, the judgment incorporated a stipulation that they share joint custody of their son (born in 2004). The judgment included a schedule in which the parents had substantially equal time with the child, but did not address schooling or state which parent had primary physical custody. When the child reached school age, the father filed a petition seeking an order of primary physical custody so the child could attend school in the district where the father resided. The mother filed a petition seeking sole custody. In December 2008, Family Court granted the mother's petition. The father appeals.

Initially, this matter is not moot. In the order on appeal, Family Court specifically noted that the parties' schedules were likely to change within a short time and that either party could petition the court for a new visitation schedule. In March 2010, the parties consented to entry of an order setting forth a specific visitation schedule and not otherwise superceding any prior orders. The stipulation noted that the father did not waive his right to continue the present appeal. Considering the reservations in the December 2008 order and the provision in the March 2010 stipulation that the new order would only supercede prior orders with respect to visitation, the appeal from the December 2008 order is not moot (*see Matter of Fuller v Barreto*, 72 AD3d 1293, 1294 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 927-928 [2009]; *Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]).

On the merits, Family Court properly awarded sole custody to the mother. The testimony described a lack of communication between the parties. When the father became upset over a bounced child support check, he refused to speak to the mother for approximately one year. During doctor visits when both parties were present, the father ignored the mother when she spoke to him about the child. Notes sent in the child's bag between the mother and the paternal grandmother constituted the majority of communication regarding the child. This inability of the parties to discuss or reach agreement on major issues affected the child; each parent enrolled the child in a different school and at one point the father refused to consent to a medical procedure recommended by the child's doctor. This inability to communicate or effectively coparent, along with the child reaching school age and the divorce judgment not addressing the child's schooling, constituted a change in circumstances

requiring a modification of the prior order (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1130 [2010], *lv dismissed* 14 NY3d 912 [2010]; *Matter of Williams v Williams*, 66 AD3d 1149, 1150-1151 [2009]).

With the parties unable to cooperate, joint custody was inappropriate and sole custody became necessary (*see Matter of Williams v Williams*, 66 AD3d at 1150-1151). Family Court's findings and credibility determinations are entitled to deference and will be disturbed only if they lack a sound and substantial basis in the record (*see id.*). Here, the court found that the mother generally tried to facilitate communication with the father and keep him abreast of developments regarding the child, but the father prevented communication by refusing to provide contact information or to reply to the mother when she attempted to engage in discussions. He never supplied the mother with his work or school hours or cell phone number, even after the mother had difficulty reaching him when the child experienced a medical emergency. Although both parties unilaterally enrolled the child in a prekindergarten program in their school of choice, the mother explained her attempts to discuss the issue and reach an agreement with the father, whereas he acted despite knowing that no agreement had been reached. Testimony established that the mother attended more doctor visits concerning the child, offered to show the father and his family how to care for the child's needs after surgery, and responded to their questions regarding his care. Despite both parents providing a loving environment for the child, the court reasonably concluded that the mother was more likely to foster a relationship between the child and the other parent and attempt to provide the father with information regarding the child. Accordingly, the court properly determined that awarding sole custody to the mother was in the child's best interests (*see Matter of Anson v Anson*, 20 AD3d 603, 604 [2005], *lv denied* 5 NY3d 711 [2005]).

Cardona, P.J., Rose, Stein and Garry, JJ., concur. Ordered that the order is affirmed, without costs.