■ In the Matter of BRIAN JEKER, Respondent, v MICHELLE WEISS, Formerly Known as MICHELLE JEKER, Appellant. (And Three Other Related Proceedings.) [909 NYS2d 184]—

Malone Jr., J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered September 29, 2008, which, among other things, granted petitioner's application, in four proceedings pursuant to Family Ct Act articles 6 and 8, for modification of a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) were married in 1997 and are the parents of two children, a daughter (born in 1998) and a son (born in

2000). Following the parties' separation, a series of temporary custody orders ensued resulting in an award of joint legal custody with primary physical custody to the father and, as of December 2005, limited supervised visitation to the mother. These orders remained in effect following the parties' divorce in May 2007 pending a referral of the custody and visitation issues to Family Court.

In July 2007, the father commenced the first of these proceedings seeking modification of the December 2005 order—specifically, requesting sole legal custody of the children—and alleging, among other things, that the mother had abandoned the children. The mother twice cross-petitioned for similar relief and filed a family offense petition. At the conclusion of a five-day hearing, Family Court, among other things, granted the father's application and awarded sole legal and physical custody to him with limited supervised visitation to the mother. This appeal by the mother ensued.

We affirm. "[A] parent seeking to modify an existing custody order bears the burden of proving that there has been a sufficient change in circumstances since the entry of that order warranting a modification thereof in the children's best interests" (*Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *see Matter of Williams v Williams*, 66 AD3d 1149, 1150 [2009]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]). Whether the requested modification will serve the children's best interests requires consideration of a number of factors, "including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child[ren's] intellectual and emotional development" (*Matter of Calandresa v Calandresa*, 62 AD3d 1055, 1056 [2009]; *see Matter of Kowatch v Johnson*, 68 AD3d 1493, 1495 [2009], *lv denied* 14 NY3d 704 [2010]; *Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009], *lv denied* 13 NY3d 702 [2009]). In light of Family Court's ability to evaluate conflicting testimony and assess the credibility of the relevant witnesses first hand, we accord great deference to its factual findings and will not set them aside unless they lack a sound and substantial basis in the record (*see Matter of Torkildsen v Torkildsen*, 72 AD3d 1405, 1406 [2010]; *Matter of Siler v Wright*, 64 AD3d at 928; *Matter of Diffin v Towne*, 47 AD3d 988, 990 [2008], *lv denied* 10 NY3d 710 [2008]).

We turn first to the mother's cross petition, which is premised upon the father's alleged alcoholism and a general pattern of abuse toward the mother. Simply put, the record before us is devoid of any evidence even suggesting that the father may

have a problem with alcohol and contains no credible evidence to support the mother's claims of abuse. Although the mother asserted that the father stalked and/or shoved her outside her then residence in New York City on two occasions in June 2007,[1] the father offered both testimonial and documentary evidence to establish that he was in Broome County at the time of these alleged incidents and all resulting criminal charges filed against him were dismissed. The mother's testimony to the contrary presented a credibility issue for Family Court to resolve and, in light of the mother's admission that she, among other things, previously lied under oath, we have no quarrel with Family Court's decision to credit the father's proof on this point.[2] Accordingly, based upon our review of the record as a whole, we find insufficient evidence to warrant granting the mother's modification request.

We reach a contrary conclusion, however, with regard to the father's modification petition. The crux of his argument on this point is that the mother abandoned the children by relocating and failing to exercise her visitation rights since December 2005 and, further, that her repeated attempts to falsely accuse him of harassment and other criminal conduct render her unfit. For the reasons that follow, we find ample evidence to establish that the parties' relationship is sufficiently acrimonious to preclude a continued award of joint custody and, further, that the children's best interests are served by awarding sole legal and physical custody to the father with limited supervised visitation to the mother.

As a starting point, the mother readily admitted that she failed to engage in supervised visits with the children after December 2005—purportedly because the children did not react well to the setting for those visits—and, as of the time of trial, had only spoken with the children on the telephone four times

---

**1.** The mother also sought to introduce evidence of a third alleged incident occurring on June 29, 2007 but was precluded from doing so based upon her failure to comply with discovery demands. In this regard, we need note only that CPLR 3126 vests a trial court with the authority to fashion an appropriate remedy where, as here, a party "refuses to obey an order for disclosure or wilfully fails to disclose information which the court finds ought to have been disclosed." Given the mother's demonstrated history of noncompliance, we cannot say that Family Court abused its discretion in precluding her from offering evidence on this point (*see Cavanaugh v Russell Sage Coll.*, 4 AD3d 660, 660-661 [2004]).

**2.** Although the mother also called a clinical psychologist to testify as to her parental fitness, Family Court properly accorded little weight to the expert's opinion based upon, among other things, the psychologist's failure to obtain independent verification of the information provided by the mother, meet the parties' children or observe their interaction with the mother.

in two years.[3] The mother also refused to discuss, in any level of detail, her current employment or living arrangements, which plainly qualify as relevant areas of inquiry in a custody determination, purportedly out of fear that the father would somehow use this information against her. The father also testified, without contradiction, that as of the time of the hearing, the mother had not consistently maintained health insurance coverage for the children—despite a requirement to do so.

The record further reveals that in addition to the attempt to implicate the father in criminal activity in June 2007, the mother orchestrated an elaborate plan to falsely accuse the father of physically assaulting her in October 2005. Specifically, witnesses testified that the mother hired someone to strike her in the face, cut her own lip with a box cutter and paid two other individuals to give false statements to law enforcement officials implicating the father in the assault, which resulted in the father being charged with harassment in the second degree. Although the charges were dropped on the day of trial when the witnesses recanted, as a result of the mother's accusations, the parties' youngest child, then five years old, who the mother contended witnessed the event, was subject to interviews by both police officers and social services officials. A subsequent investigation by the local social services department resulted in an indicated report against the mother for endangering the welfare of her son; all allegations against the father were deemed to be unsubstantiated. Despite overwhelming evidence that the mother fabricated this entire incident, including her subsequent plea of guilty to the crime of attempting to bribe a witness, the mother nonetheless continued to maintain at the hearing that the father assaulted her on the day in question.

In addition to the foregoing felony conviction, the mother readily admitted that she had a misdemeanor conviction for falsifying official documents based upon her misrepresenting her credentials in order to obtain employment. Specifically, she conceded that she worked as a psychologist for more than two years after falsely representing that she had a Ph.D. in psychology and, as noted previously, acknowledged that she had lied under oath.[4] Contrary to the mother's assertion, her conduct in this regard indeed bears directly upon her fitness as a parent,

---

**3.** Notably, when asked how she would respond in the event Family Court continued the supervised visitations at the existing location, the mother indicated that she would continue to forgo visits with her children under those circumstances.

**4.** According to the father, the mother purchased her Ph.D. from an Internet site.

as such behavior either reflects serious lapses in judgment or evidences a willingness to advance her own interests at the expense of others—including her children. Accordingly, Family Court's findings that the father demonstrated the requisite change in circumstances and, further, that the children's best interests would be served by awarding sole custody to him with limited supervised visitation to the mother are fully supported by the record and, as such, will not be disturbed.

The remaining issues raised by the mother do not warrant extended discussion. To the extent that she contends that the father's counsel should not have been permitted to remark in his summation upon the absence of testimony from the mother's treating psychiatrist, we need note only that the mother, through her attorney, repeatedly placed her mental health in issue at the hearing and, as such, counsel's remark was fair comment. Further, contrary to the mother's assertion, counsel was permitted to ask the father what, if any, disparaging comments he may have made to the children about her. Finally, we find no support in the record for the mother's claim that Family Court's disposition in this matter was punitive in nature. The mother's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.