■ In the Matter of WILLIAM HUGHES, Respondent, v ELIZABETH HUGHES, Appellant. (And Another Related Proceeding.) [915 NYS2d 727]—

Cardona, P.J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered August 26, 2009, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a daughter (born in 2004) and a son (born in 2006). In 2007, the parties agreed upon a visitation schedule, which was incorporated into a 2008 order, whereby they shared joint custody and alternated physical custody on a weekly basis. When the daughter reached kindergarten age in 2009, the parties, who live in different school districts, cross-petitioned for physical custody of the children. Following fact-finding and *Lincoln* hearings, the court awarded primary physical custody to the father, with the mother having the children on weekends from Friday until Sunday, for one evening each week, four weeks during the summer, and on alternate or shared holidays, as arranged by the parties. The mother appeals.

Where, as here, a child's entry into school necessitates modification of the physical custody arrangement (*see Ehrenreich v Lynk,* 74 AD3d 1387, 1390 [2010]; *Matter of Williams v Boger*, 33 AD3d 1091, 1092 [2006]), the court must determine what custodial arrangement will serve the child's best interests, taking into consideration "a number of factors, 'including the quality of each parent's home environments, their past performance and stability, and each parent's relative fitness and ability to provide for the child['s] intellectual and emotional development' " (*Matter of Jeker v Weiss*, 77 AD3d 1069, 1070 [2010], quoting *Matter of Calandresa v Calandresa*, 62 AD3d

1055, 1056 [2009]). The court will also consider how the award of custody to one parent will affect the child's relationship with the other parent (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1022 [2009], *lv denied* 13 NY3d 702 [2009]; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191-1192 [2008]). The mother contends that Family Court did not fully consider the totality of the circumstances, but rather relied on the mistaken conclusion that she obstructed the father's relationship with the children.

"In light of Family Court's ability to evaluate conflicting testimony and assess the credibility of the relevant witnesses first hand, we accord great deference to its factual findings and will not set them aside unless they lack a sound and substantial basis in the record" (*Matter of Jeker v Weiss*, 77 AD3d at 1070 [citations omitted]; *see Matter of Goldsmith v Goldsmith*, 50 AD3d at 1192). Here, the court's decision reflects its thorough analysis of the relevant factors in reaching the conclusion that both parents "love the children, make suitable arrangements for the children and have adequate premises for them." The record fully supports that conclusion. The court's further conclusion that the mother has hindered the children's relationship with the father also has a sound and substantial basis in the record. It is not disputed that in 2007, as the parties' marriage was breaking down, the mother moved the children and many household furnishings out of the marital home while the father was at work, without his knowledge and without leaving him any notice as to where they had gone. She did not contact him for two weeks thereafter. Furthermore, in 2008 the mother failed to comply with a court order regarding holiday visitation. Additionally, the father testified that the mother did not share the children's medical information with him, as well as information relating to the preschool program that the daughter attended during her alternate weeks with the mother. While the mother claims that Family Court placed undue weight on this one factor, it is important to note that it is the primary point of distinction between the parties. Moreover, it is of considerable importance to the children's well-being that the parent having physical custody foster the children's relationship with the noncustodial parent. Under the circumstances, we find no reason to disturb Family Court's determination.

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.