■ In the Matter of SUE I. SEACORD, Respondent, v NEAL A. SEACORD, Appellant. (And Another Related Proceeding). [916 NYS2d 664]—

Spain, J. Appeal from an order of the Family Court of Essex County (Meyer, J.), entered December 30, 2009, which, among

other things, granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

In 2005, after the parties separated, they were awarded—by order entered in Franklin County upon their consent—joint custody of their two daughters (born in 1996 and 1997), with petitioner (hereinafter the mother) having primary physical custody and respondent (hereinafter the father) having liberal visitation. Thereafter, by order entered in 2008 in Essex County, the parties consented to a modification of the 2005 custody order specifying detailed custodial and visitation times and directing, among other things, that each party shall "follow all recommendations of treatment providers regarding the health care of the children" and that "[n]either party shall interfere with the children's educational curricula, programs or activities, unless mutually agreed in writing" and that, except as modified within this order, the provisions of the 2005 order "shall remain in full force and effect."*

In June 2009, after the father refused to consent to recommended orthodontic treatment for the oldest child, the mother commenced the first of these proceedings seeking a modification of the prior order of custody alleging that she should be allowed to make healthcare decisions without the father's approval. Thereafter, the mother filed a second petition alleging the father's willful violation of the custody order by, among other things, interfering with the children's education and healthcare treatment as well as the mother's custodial time. She also filed an amended petition for modification seeking sole physical and legal custody of both children alleging that the relationship between the parties had deteriorated to such point that joint custody was no longer feasible. Following a fact-finding hearing, including a *Lincoln* hearing with the children, Family Court found that the father had willfully violated the prior custody order and awarded sole custody to the mother, subject to specific, liberal parenting time to the father. The father now appeals.

" 'To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms' " (*Labanowski v Labanowski,* 4 AD3d 690, 694 [2004], quoting *Graham v Graham,* 152 AD2d 653, 654 [1989]; *accord Matter of Gonzalez v Hunter,* 50 AD3d

---

* The 2005 order provides that "all medical decisions concerning the subject children herein that are non-emergency in nature must be agreed to by the parties."

1262, 1264 [2008]). Moreover, "[a] willful violation of a Family Court order must be established by clear and convincing evidence" (*Matter of Cobane v Cobane*, 57 AD3d 1320, 1322-1323 [2008], *lv denied* 12 NY3d 706 [2009]; *see Matter of Blaize F.*, 48 AD3d 1007, 1008 [2008]). Here, the record fully supports Family Court's finding that the father willfully violated the 2008 order when he unjustifiably interfered with his children's Catholic school education by, among other things: refusing to consent to the youngest daughter's participation in a long planned school-sponsored field trip to Boston; purposely keeping—at the last minute—said youngest daughter from the single performance school play in which she had a role, taking the children instead to visit his friend; preventing that same child from reading certain books assigned pursuant to a diocese approved curriculum; and calculatedly keeping the oldest daughter from her sixth-grade graduation ceremony until it was more than half over. Additionally, despite his admitted awareness of the terms of the 2008 order, the father refused to consent to the children's recommended and necessary orthodontic treatment and to the administration to the oldest daughter of a vaccination intended to prevent cervical cancer recommended by her pediatrician, and refused, despite the specific order to do so, to return the children to the mother's custody on the second Saturday of their 2009 spring break.

The father's testimony was sufficient to establish that he interfered with the mother's custodial time and unilaterally interfered with both children's education and healthcare treatment (*see Matter of Cobane v Cobane*, 57 AD3d at 1323). We reject the father's contention that Family Court improperly considered his religious beliefs. He was found by Family Court to have violated the very terms of an agreement he had consented to in 2008 when he was well aware of his and the mother's differing religious views. Despite this consent, the record contains clear evidence of willful and sometimes cruel violations by the father.

Next, the record fully supports Family Court's modification of the prior custody order awarding sole custody to the mother. "Modification of an existing custody arrangement is appropriate where the petitioner establishes by a preponderance of the evidence that there has been a change in circumstances and that modification is necessary to ensure the best interests of the children" (*Matter of Cobane v Cobane*, 57 AD3d at 1321-1322 [citations omitted]; *see Matter of Jeker v Weiss*, 77 AD3d 1069, 1070 [2010]; *Matter of Siler v Wright*, 64 AD3d 926, 928 [2009]; *Matter of Bedard v Baker*, 40 AD3d 1164, 1165 [2007]). In as-

sessing the need for a modification, the quality of each party's home environment, each parent's past performance and stability, each parent's fitness and ability to guide and provide for the children's emotional and intellectual development, the length of time the custodial arrangement has been in place, how faithful each party has been to the original order, and the wishes of the children must be considered so as to determine the children's best interests (*see Matter of Jeker v Weiss*, 77 AD3d at 1070; *Matter of Siler v Wright*, 64 AD3d at 928; *Matter of Goldsmith v Goldsmith*, 50 AD3d 1190, 1191 [2008]; *Matter of Bedard v Baker*, 40 AD3d at 1165). As Family Court is in the best position to evaluate the parties' credibility, this Court will not disturb its findings unless they lack a sound and substantial basis in the record (*see Matter of Bedard v Baker*, 40 AD3d at 1165; *Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]; *Matter of Brady v Schermerhorn*, 25 AD3d 1037, 1038 [2006]).

Here, the record reflects a significant change in circumstances warranting modification of the prior order of joint custody based upon the father's behavior and the continued deterioration of the relationship between the parties. Family Court considered the appropriate factors (*see Matter of Jeker v Weiss*, 77 AD3d at 1070; *Matter of Siler v Wright*, 64 AD3d at 928; *Matter of Goldsmith v Goldsmith*, 50 AD3d at 1191; *Matter of Bedard v Baker*, 40 AD3d at 1165), and the record fully supports its determination that it was in the children's best interests to award sole custody to the mother. Accordingly, the order of Family Court should be affirmed.

Peters, J.P., Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.