■ In the Matter of Daniel J. DeRuzzio, Respondent, v Fay Ruggles, Appellant. [931 NYS2d 271]—

McCarthy, J.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of three children, Elyse (born in 1992),* Daniel (born in 1993), and Michaela (born in 1996). Except for a brief period when the father had custody of Elyse, the mother has always had physical custody of the children and the father has had set visitation. The father filed this application to modify custody based upon allegations that the mother provided the son with alcohol and drank it with him. At the conclusion of a hearing, Family Court dismissed the petition. The father appeals.

Family Court did not abuse its discretion by limiting the evidence at the hearing. The father's petition alleged a change in circumstances since the court's October 2008 order. Accordingly, the court did not err in refusing to permit evidence concerning incidents from July 2008, which had been raised in a previous petition (*see Matter of Palmer v Palmer*, 284 AD2d 612, 613-614 [2001]). The court also did not abuse its discretion in declining to interview Daniel in camera. The determination of whether to hold a *Lincoln* hearing lies within Family Court's discretion (*see Matter of Walker v Tallman*, 256 AD2d 1021, 1022 [1998], *lv*

---

* Elyse is no longer subject to an order of custody because she is 19 years old, rendering the appeal moot insofar as it concerns her.

*denied* 93 NY2d 804 [1999]). Here, the court noted that during a *Lincoln* hearing in a prior proceeding, Daniel was very fragile and had a "meltdown." The mother, the father's therapist and the attorney for the children all stated that Daniel was upset by, and did not want to be involved in, his parents' court proceedings. Considering the potential negative impact on the child, along with the lack of evidence to support most of the father's petition, the court did not err in denying the father's request for a *Lincoln* hearing.

Family Court properly dismissed the petition. The father was required to prove that a sufficient change in circumstances had occurred since entry of the prior order that necessitated a modification of the existing custody arrangement to ensure the best interests of the children (*see Matter of Goodfriend v Devletsah-Goodfriend*, 29 AD3d 1041, 1042 [2006]). The court found that the father's testimony was inconsistent, and he failed to prove that the mother regularly supplied alcohol to the children or drank with them. The father's proof established that the mother provided one or two wine coolers to their son and his friend on one occasion when the son was 15 years old. While the court found this "absolutely inexcusable," the court also felt that this was an isolated incident. According deference to the court's credibility determinations (*see Matter of Jeker v Weiss*, 77 AD3d 1069, 1070 [2010]), the record supports the court's determination that a modification of custody was not warranted.

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.