■ In the Matter of BRUCE R. NELSON, Appellant-Respondent, v MAYRA E. PEREA, Respondent-Appellant. (And Another Related Proceeding.) [987 NYS2d 470]—

Garry, J. Cross appeals from an order of the Family Court of Broome County (Charnetsky, J.), entered October 23, 2012, which, among other things, partially granted the parties' applications, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of a son (born in 2005). During the marriage, the parties resided in the Town of Lisle, Broome County. In July 2008, the parties entered into a separation agreement—with the understanding that the mother would be relocating to Canada, where she had resided prior to the marriage—providing for joint legal and physical custody of the child, with physical placement alternating every two weeks. The separation agreement was later incorporated, but not merged, into the parties' judgment of divorce.

In August 2011, shortly before the child was to start first grade, the mother informed the father that, based on their inability to come to an agreement regarding the child's schooling, she would not transfer physical placement to him for his scheduled two-week period of parenting time and that, instead, she was enrolling the child in a school in Canada. The father thereafter filed a petition for modification seeking primary physical custody of the child. The mother cross-petitioned for primary physical custody.[1] Following a fact-finding hearing conducted over five days, as well as a *Lincoln* hearing, Family Court partially granted each petition and ordered, among other things, that the parties would alternate physical custody on a yearly basis. The father appeals, and the mother cross-appeals.

The parties do not dispute that there has been a change in circumstance necessitating a modification of the agreed-upon custody arrangement to ensure the continued best interests of the child (*see Matter of LaRussa v Williams*, 114 AD3d 1052, 1053 [2014]; *Matter of Youngs v Olsen*, 106 AD3d 1161, 1163 [2013]). However, the father challenges Family Court's reasoning, contending that the stated factors, including the child having reached school age, did not provide a sound and substantial basis to support the court's finding and, conversely, that Family Court did not give sufficient weight to the mother's unilateral decision to retain the child in Canada. Upon review of the record, we agree with Family Court's determination that the child attaining school age, the frequent changing of residences during the school year required by the agreed-upon custody arrangement, the impracticality of attending schools in two different countries, and the parties' admitted inability to agree on a plan for the child's schooling constitute a change in circumstances reflecting a need for modification of the physical custody arrangement (*see Matter of Wilson v Hendrickson*, 88 AD3d 1092, 1093-1094 [2011]; *Matter of Claflin v Giamporcaro*, 75 AD3d 778, 779-780 [2010], *lv denied* 15 NY3d 710 [2010]; *Ehrenreich v Lynk*, 74 AD3d 1387, 1390 [2010]).[2]

Upon concluding that modification was warranted, Family Court was then required to determine what physical custody arrangement would best promote the child's best interests. "Relevant factors to be weighed include maintaining stability in the child[ ]'s li[fe], the quality of respective home environments, the

---

**1.** The mother also commenced a proceeding in Canada seeking primary physical custody of the child, which she purportedly discontinued.

**2.** The parties' prior custody agreement did not provide for where the child would attend school upon reaching school age (*see Matter of Claflin v Giamporcaro*, 75 AD3d at 779-780).

length of time the present custody arrangement has been in place, each parent's past performance, relative fitness and ability to provide for and guide the child[ ]'s intellectual and emotional development, and the effect the award of custody to one parent would have on the child[ ]'s relationship with the other parent" (*Matter of Virginia C. v Donald C.*, 114 AD3d 1032, 1033 [2014] [internal quotation marks and citations omitted]; *see Matter of Sonley v Sonley*, 115 AD3d 1071, 1072 [2014]; *Matter of Tod ZZ. v Paula ZZ.*, 113 AD3d 1005, 1006 [2014]).

Here, based on the totality of the circumstances, we disagree with Family Court's determination, and find that alternating physical custody on a yearly basis is not in the child's best interests (*see Matter of Williams v Boger*, 33 AD3d 1091, 1092 [2006]; *compare Matter of Whitcomb v Seward*, 86 AD3d 741, 744-745 [2011]; *Matter of Cuozzo v Ryan*, 307 AD2d 414, 415 [2003]). Although presenting differing arguments, both parents, as well as the attorney for the child, argue against this disposition on this appeal. As a result of the alternating school schedule in place previously, the child has missed activities and field trips at both schools, and this can only be expected to increase. The superintendent of the school district in Canada where the child's school is located opined in a letter that the child's social, emotional and academic development would best be served by attending only one school, and we agree. Despite the hardships and separation necessarily arising from the physical distance between the two parents, it is the child's own stability that takes increasing precedence as he ages (*see Matter of Moorehead v Moorehead*, 197 AD2d 517, 519 [1993], *appeal dismissed* 82 NY2d 917 [1994]).

The evidence adduced at the fact-finding hearing established that the parties consistently followed the alternating custody arrangement for three years prior to the events precipitating these proceedings, and that both parents communicate effectively with each other, have stable home environments, and are willing to foster a relationship with the other parent. While indisputably the mother interfered with the father's parenting time by retaining the child in Canada and enrolling him in school there—conduct which is not to be condoned—the proof also established that the mother's actions were based, in part, on the advice of a Canadian lawyer and after unsuccessful discussions with the father. Moreover, the mother was the child's primary caretaker the first three years of his life, she is—according to the father—the more nurturing parent, she is involved with all facets of the child's development, including remaining in contact with the child's teachers and medical

providers in Canada and New York, her home is within walking distance to the child's school, she resides with her parents, with whom the child has a close relationship, and her extended family—several of whom are the child's age—live within close proximity to her home. The child's half sister also resides with the mother, and several witnesses testified that the child and the half sister have a close and loving relationship (see *Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]; *Matter of Valenti v Valenti*, 57 AD3d 1131, 1135 [2008], *lv denied* 12 NY3d 703 [2009]). We agree with Family Court that both parents are fit, and that the father and the child have a loving bond, but find that the child's need for greater stability during the school year, taken together with the foregoing proof, supports awarding primary physical custody to the mother (see *Ehrenreich v Lynk*, 74 AD3d at 1390; *Matter of Williams v Boger*, 33 AD3d at 1092). We further note that this is in accord with the position advanced by the attorney for the child (see generally *Hughes v Gallup-Hughes*, 90 AD3d 1087, 1090 [2011]; *Matter of Rundall v Rundall*, 86 AD3d 700, 702 [2011]).[3]

The transfer of primary physical custody to the mother requires readjustment of the previous visitation schedule. Accordingly, the matter is remitted to Family Court for this purpose, unless the parties are able to agree upon a new arrangement. Pursuant to Family Court's custody order of October 2012, the child is currently living with the father and attending school in New York, and the child's best interests are served by finishing this school year there. Physical custody is scheduled to be transferred to the mother one week after the conclusion of the 2013-2014 school year. Pending a permanent determination, and unless the parties agree otherwise, the child shall spend two weeks with the mother following this transfer, and shall then spend the remainder of the summer of 2014 with the father, until one week before school opens for the next year, when the child shall return to the mother's residence. Thereafter, and unless the parties agree otherwise, the father shall temporarily have parenting time with the child in accord with the provisions of the October 2012 order pertaining to weekend, Christmas, spring break and holiday visitation for the parent who does not have custody, with temporary arrangements for the summer of 2015 to be made if necessary by Family Court.

---

**3.** We disagree with the father's assertion that the mother, a Canadian citizen who receives significant financial support and child-care assistance from her family in Canada, should be compelled to relocate to New York as a condition of awarding her primary physical custody (*compare Matter of Siler v Siler*, 293 AD2d 826, 828 [2002], *appeal dismissed* 98 NY2d 691 [2002]).

Pending redetermination, all other terms of the prior order shall remain temporarily in effect.

Peters, P.J., Lahtinen, McCarthy and Devine, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as ordered that physical custody of the child should alternate on a yearly basis; primary physical custody awarded to respondent commencing one week after the conclusion of the 2013-2014 school year, matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision and, pending said proceedings, petitioner shall have temporary visitation as set forth herein; and, as so modified, affirmed.