■ In the Matter of MARK BERGHORN, Appellant, v CHRISTINE BERGHORN, Respondent. [708 NYS2d 752] —Peters, J. Appeals (1) from an order of the Family Court of Broome County (Hester, Jr., J.), entered August 6, 1999, which, *inter alia*, dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, for modification of a prior custody order, and (2) from an order of said court, entered August 18, 1999, which established a visitation schedule.

Petitioner and respondent, parents of a son born in 1993, shared joint legal and physical custody pursuant to a stipulated order. When the child's attendance at kindergarten was imminent and the parties resided in different school districts, this proceeding was commenced. Petitioner requested that the child's primary residence be placed with him so that the child could be registered in the Newark Valley School District; respondent cross-petitioned for primary residence in order to register the child in the Union-Endicott School District.

At a fact-finding hearing, respondent testified that in order to avoid conflict, she originally agreed to allow her son to attend kindergarten in Newark Valley under certain specified conditions. Instead of responding to her requests, petitioner commenced this proceeding. Although respondent recognized upon her initial agreement that there would be a full-day program in Newark Valley, thereafter she became more concerned with the 30-minute bus ride each way on rural roads that her son would have to endure. She also testified that she was primarily responsible to retrieve the child from school when he was sick or when emergencies would occur and that it would be about a 45 to 60-minute drive from her place of employment to the school in Newark Valley. She therefore proposed that he attend school at the Carrousel Day Care Center, a 15-minute bus ride from her home and only 15 to 20 minutes from her place of work.

Petitioner, a regional sales manager for Shapiro's Uniform

Rental, testified that he lived in Newark Valley and traveled daily within an 80 to 90-mile vicinity of his home. His parents lived next door, his grandparents lived within one-half mile and his sister was building a house next door. He proposed that the child be picked up and dropped off after school at his paternal grandmother's home and expressed no concerns regarding the amount of time that the child would have to ride on the school bus or the roads upon which it traveled. Petitioner's mother stated that she had been and would continue to be willing to take care of the child when either parent was unable.

While numerous witnesses testified concerning the size, available extracurricular activities, scholastic ranking and educational opportunities of each school district, testimony revealed that neither kindergarten program provided a significant educational advantage over the other. Additional testimony revealed that both parents were loving, concerned individuals, truly dedicated to the welfare of their child.

At the conclusion of the hearing, Family Court continued the order of joint legal custody but determined that, commencing in September 1999, the child's principal residence should be with respondent and that the child be enrolled in a school in Union-Endicott. A subsequent order was entered awarding petitioner visitation rights every other weekend, Wednesday nights, holidays, three weeks in the summer and any additional visitation as the parties agreed. Petitioner appeals.

The paramount consideration in a custody matter is whether the arrangement proposed would be in the best interest of the child (*see, Matter of Oldfield v Robinson*, 267 AD2d 530; *Matter of Jelenic v Jelenic*, 262 AD2d 676, 677). As there is no viable dispute that the commencement of school constituted a sufficient change in circumstances such that a modification of the prior joint custody arrangement was necessary, we turn to whether Family Court engaged in the requisite consideration of factors deemed determinative in issues of this kind. These factors include, *inter alia*, the stability and quality of the respective home environments and an ability to guide the child's emotional and intellectual development which must include, in our view, a fostering of access to the noncustodial parent (*see, Eschbach v Eschbach*, 56 NY2d 167, 172; *Matter of Oldfield v Robinson, supra*; *Matter of Duffy v Duffy*, 260 AD2d 960, 960-961; *Matter of De Losh v De Losh*, 235 AD2d 851, 852, *lv denied* 89 NY2d 813). Upon a consideration of these factors, deference is typically given to Family Court's findings due its unique ability to evaluate the testimony and assess the credibility of

witnesses (*see, Matter of Blair v Blair*, 243 AD2d 758, 759, *lv denied* 91 NY2d 804).

Fully recognizing Family Court's erroneous statement that the child's principal residence had been with respondent since the original order when, in fact, the parties had shared joint physical custody, we find Family Court's determination to be supported by a sound and substantial basis in the record, "well within its range of discretion" (*Matter of Venable v Venable*, 122 AD2d 374). The evidence adduced at the hearing reveals that by this determination, the child would spend less time on the bus, not be on rural roads in bad weather and be in two separate but quality educational environments, and that respondent, the parent available during the daytime hours, could more speedily respond to emergent needs. Testimony further revealed that respondent was more flexible in her approach to this difficult custodial change as demonstrated by her serious consideration of possible placement of the child in a school district further from her home to avoid emotional trauma to the family; petitioner's lack of flexibility was demonstrated by his unwillingness, even under questioning in the presence of the court, to commit to an alternate visitation schedule for the one week where respondent was unavailable during her regularly scheduled time.

The totality of these factors, coupled with extensive testimony that the child made new friends easily and would clearly grow emotionally no matter where his placement, leaves us no basis to disturb Family Court's determination. Finding no abuse of discretion in the denial of repeated questioning of respondent regarding her initial agreement to allow the child to attend school in Newark Valley as repetitive testimony (*see, Feldsberg v Nitschke*, 49 NY2d 636, 643), and having further reviewed and rejected petitioner's remaining contentions, we affirm.

Mercure, J. P., Spain and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.