■ PHILIP C. MANN JR., Respondent, v KACEY MANN, Appellant. [921 NYS2d 660]—

Lahtinen, J.P. Appeal from an order of the Supreme Court (Hall, J.), entered March 10, 2010 in Warren County, which partially granted plaintiff's motion to, among other things, continue enrollment of the parties' children in the Lake George Central School District.

The parties are the divorced parents of two children (born in 2000 and 2002). Pursuant to their 2007 separation agreement, which was incorporated but not merged into the 2008 judgment of divorce, they had joint legal custody; defendant had physical custody and plaintiff had liberal parenting time. On the issue of

education, the separation agreement provided that "[t]he well-being, education and development of the children shall at all times be the paramount consideration of [plaintiff] and [defendant]." During their marriage and thereafter, the parties resided in the Lake George Central School District, where both children attended school.

In 2009, defendant informed plaintiff that she planned to move about 12 miles to a different home in another school district. Plaintiff objected to the children changing schools. When defendant proceeded with her move, plaintiff sought, via order to show cause, among other things, an order directing that the children continue to attend school in the same school district. Following a hearing, Supreme Court determined that it was in the children's best interests to remain in the Lake George Central School District and directed that, so long as plaintiff was the only parent residing in such district, his residence would be considered, for educational purposes only, the children's primary residence. No other change was made in the parties' custody and visitation rights. Defendant appeals.

The parties have joint legal custody and thus they "share[ ] responsibility for and control of [the children's] upbringing" (*Braiman v Braiman*, 44 NY2d 584, 589 [1978]; *see Matter of Fedun v Fedun*, 227 AD2d 688, 688 [1996]; *cf. Fuentes v Board of Educ. of City of N.Y.*, 12 NY3d 309, 314 [2009] [discussing role of a noncustodial parent]). Education is, of course, an important aspect of the children's upbringing, and the parties' separation agreement recognized it as a "paramount consideration." Here, proof was presented at the hearing indicating that the Lake George Central School District was superior to the other district in many respects, including, among others, class size and test results. Supreme Court found credible the testimony indicating that the Lake George Central School District had fewer crime and drug problems. The children had spent their entire—albeit relatively short—academic careers in this district, they were involved in sundry activities, they were doing well academically, they had relatives at the school as well as many friends, and the attorney for the children advocated on appeal for them to remain there. The record supports Supreme Court's decision that it was in the children's best interests to remain in the Lake George Central School District (*see Matter of Bobroff v Farwell*, 57 AD3d 1284, 1286 [2008]; *Petroski v Petroski*, 24 AD3d 1295, 1296 [2005]; *Matter of Carey v Kimball*, 15 AD3d 797, 799 [2005]).

Defendant's request regarding transportation costs was not raised before Supreme Court and, thus, not properly before us.

Kavanagh, McCarthy and Garry, JJ., concur. Ordered that the order is affirmed, without costs.