In the Matter of ROBERT C. GRANT, SR., Respondent, v MAUREEN GRANT, Respondent. [933 NYS2d 109]—

The appellant, Robert C. Grant, Sr. (hereinafter the father), and the respondent, Maureen Grant (hereinafter the mother), were divorced pursuant to a judgment of divorce entered January 25, 2010, which incorporated but did not merge a so-ordered stipulation of settlement placed on the record in open court on October 7, 2009 (hereinafter the stipulation).

The stipulation provided, in relevant part, that the parties were to have joint custody of their then five-year old son (hereinafter the child), with the primary custodial residence to be with the mother. The stipulation also provided that the child was "deemed" to be living with the father for as long as the father resided at his current residence in Shirley, and that, if the father moved from that address, "then for both school and residential custody, the residence address [of the child] shall be with the mother." At the time the parties entered into the stipulation, the mother resided in Patchogue, within the Patchogue-Medford School District, and the child was attending preschool

in the William Floyd School District in Shirley, where the father resided.

On July 9, 2010, the father filed a petition with the Family Court seeking to modify the custody arrangement, based on a change of circumstances, which he alleged consisted of his request for sole custody of the child based on the mother's enrollment of the child in the Patchogue-Medford School District.

The mother filed a cross petition to modify the custody arrangement, in which she requested the Family Court to designate her residence as the child's residence for purposes of enrolling him in kindergarten in the Patchogue-Medford School District.

An attorney was appointed for the child, and a trial was held on the petition and the cross petition over the course of four days, beginning on December 8, 2010, and ending on January 13, 2011. In an order dated February 4, 2011, the Family Court denied the petition and granted the cross petition to the extent of directing the parties to cooperate in the child's enrollment and attendance in the Patchogue-Medford School District until such time, if ever, that the mother and the child relocate. We affirm the order insofar as appealed from.

"An application to modify the custody and visitation provisions of a judgment that are based upon a stipulation of the parties will not be granted absent a showing of a sufficient change in circumstances from the time of the stipulation, and that the modification would be in the best interests of the children" (*Matter of Fitje v Fitje*, 87 AD3d 599, 600 [2011]; *see Matter of Ruggiero v Noe*, 77 AD3d 959, 961 [2010]; *Spratt v Fontana*, 46 AD3d 670, 671 [2007]; *Matter of Crespo v Figueroa*, 6 AD3d 612 [2004]).

Contrary to the father's contention, the Family Court's determination to grant the mother's cross petition to the extent of directing the parties to cooperate in the child's enrollment and attendance in the Patchogue-Medford School District is supported by a sound and substantial basis in the record, based on the change of circumstances which occurred after the parties entered into the stipulation. Although the mother failed to consult with the father about enrolling the child in a school other than the school in the William Floyd School District, where the child attended preschool, as required under the stipulation, the record reveals that she enrolled the child in kindergarten in the Patchogue-Medford School District after the petition and cross petition were filed. The William Floyd School District, where the child previously attended preschool,

had informed the parties by letters dated September 30, 2010, and October 5, 2010, respectively, that it could not accept the child as a student after November 5, 2010, because he resided in another school district. Throughout the course of these events, the parties agreed that they continued to have the same visitation with the child as they had when he was enrolled in the William Floyd School District, where the father resided.

Since it was in the child's best interest to enroll in and attend school in the Patchogue-Medford School District, the Family Court properly granted the mother's cross petition to the extent of directing the parties to cooperate in the child's enrollment and attendance in the Patchogue-Medford School District until such time, if ever, that the mother and the child relocate (cf. *Matter of Martinez v Hyatt*, 86 AD3d 571, 572 [2011], *lv denied* 17 NY3d 713 [2011]; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]).

The appeal from a nondispositional order dated October 7, 2010, which directed the immediate enrollment of the child in the Patchogue-Medford School District, is dismissed, as no appeal lies as of right from such order (*see generally Matter of Chambers v Bruce*, 292 AD2d 525 [2002]), and we decline to grant leave to appeal. Florio, J.P., Dickerson, Chambers and Cohen, JJ., concur.