■ In the Matter of ROBERT C. GRANT, SR., Appellant, v MAUREEN GRANT, Respondent. [939 NYS2d 486]—

As noted in a previous decision and order of this Court, the father and the mother were divorced pursuant to a judgment of divorce entered January 25, 2010, which incorporated but did not merge a so-ordered stipulation of settlement (hereinafter the stipulation) placed on the record in open court on October 7, 2009 (*see Matter of Grant v Grant*, 89 AD3d 1023 [2011]).

The stipulation, inter alia, provided for the parties to have joint legal custody of their then five-year-old son (hereinafter the child), with the mother having primary residential custody. The stipulation also provided that the child was "deemed" to be living with the father for as long as the father resided at his current residence in Shirley, where the child then attended school.

On July 9, 2010, the father filed a petition with the Family

Court seeking to modify custody, based on a change of circumstances, which consisted of the mother's enrollment of the child in her local school district without consulting the father (hereinafter the modification proceeding). The mother opposed the petition and also filed a cross petition, which requested dismissal of the father's petition and the designation of her residence as the child's residence for purposes of enrolling him in kindergarten.

After a four-day trial, the Family Court, in an order dated February 4, 2011, denied the father's petition and granted the mother's cross petition to the extent of directing the parties to cooperate in the child's enrollment in the school district where the mother resided, "until such time, if ever, that the [mother] and child relocate" from that school district. We affirmed the order dated February 4, 2011, insofar as appealed from by the father (*see Matter of Grant v Grant*, 89 AD3d 1023 [2011]).

The mother then moved for an award of an attorney's fee to recover the cost of defending the modification proceeding. The father opposed the motion, and also cross-moved for the imposition of sanctions against the mother and/or her attorney. The Family Court granted the mother's motion, in part, and denied the father's cross motion.

Contrary to the father's contention, the Family Court providently exercised its discretion in denying his cross motion for the imposition of a sanction upon the mother and/or her attorney. The father failed to demonstrate that either the mother or her attorney engaged in conduct which was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (*see Maybaum v Maybaum*, 89 AD3d 692 [2011]; *Matter of Wieser v Wieser*, 83 AD3d 950, 950 [2011]; *Corr v Corr*, 46 AD3d 736, 739 [2007]).

There is no merit to the father's remaining contention that the Family Court improvidently exercised its discretion in awarding the mother an attorney's fee compensating her for approximately one third of the legal expenses she incurred in defending the modification proceeding. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.