Lahtinen, J.
The parties are the parents of one child (born in 2007). Pursuant to an order of Family Court entered upon the parties’ consent in 2010, the parties share joint legal and physical custody of the child. In 2012, with the child’s enrollment in kindergarten imminent, the parties, who reside in different school districts, were unable to come to an agreement as to where the child should attend school. As a result of this impasse, petitioner (hereinafter the father) commenced the first of these proceedings seeking modification of the prior order of custody *1011 directing that the child attend school in the Mechanicville City School District. Respondent (hereinafter the mother) subsequently commenced the second proceeding, seeking modification of the prior order to direct that the child attend school in the Voorheesville Central School District and adjusting the parenting schedule so as to reduce the child’s travel between households during the school week. Following a hearing, Family Court dismissed the father’s petition and, in a separate order, granted the mother’s petition only insofar as directing that the child attend school in the Voorheesville Central School District. The father appeals both orders.
As it is undisputed that the child’s commencement of kindergarten constitutes a change in circumstance necessitating modification of the prior order, the only issue is whether Family Court’s determination that it was in the child’s best interests to attend Voorheesville schools is supported by a sound and substantial basis in the record (see Matter of Hughes v Hughes, 80 AD3d 1104, 1105 [2011]; Matter of Berghorn v Berghorn, 273 AD2d 595, 596 [2000]). The record reflects that the court considered the appropriate factors, such as the stability and quality of the respective environments, the ability of each situation to foster the child’s intellectual and emotional development and the feasibility of maintaining equal parenting time for the parties (see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1094 [2011]; Matter of Hughes v Hughes, 80 AD3d at 1104-1105; Matter of Berghorn v Berghorn, 273 AD2d at 596). Family Court acknowledged that both parties were wonderful and loving parents, who are involved in their child’s education and other activities and are capable of working with each other for the benefit of the child, and also that the child could be expected to flourish in either school district. Faced with a difficult decision, Family Court concluded that the evidence preponderated in favor of the child attending school in the Voorheesville Central School District. Inasmuch as we find no basis in the record to disturb the court’s conclusion, we affirm (see Matter of Wilson v Hendrickson, 88 AD3d at 1095; Matter of Berghorn v Berghorn, 273 AD2d at 597).
Peters, P.J., Garry and Rose, JJ., concur. Ordered that the orders are affirmed, without costs.