■ In the Matter of TANYA ALEXANDRA DENCH-LAYTON, Respondent, v PAUL TREVOR DENCH-LAYTON, Appellant. (And Another Related Proceeding.) [998 NYS2d 538]—

McCarthy, J. Appeal from an order of the Family Court of Sullivan County (Meddaugh, J.), entered July 8, 2013, which granted petitioner's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of three children (born in 1997, 1999 and 2004). The parties separated in 2006, but continued to live a few miles apart from each other in Sullivan County. In 2009, the parties consented to an order of joint legal custody with physical custody divided, the mother having the children from Wednesday at 1:30 p.m. to Sunday at 3:00 p.m. and the father having them from Sunday at 3:00 p.m. to Wednesday at 1:30 p.m. In 2011, the father approached the mother about an

opportunity he had to lease a farm in Herkimer County, approximately 100 miles away from her home. He also discussed home schooling the children to preserve their split custody arrangement, with him caring for and schooling the children on weekdays and the mother having physical custody on weekends. The mother initially agreed to this plan, which commenced in September 2011, but by February 2012 she had become concerned about the children's educational well-being and sought an ex parte order immediately transferring custody to her so that she could enroll the children in public school. Family Court granted that temporary order. The father later cross-petitioned for physical custody. After a hearing, the court granted physical custody to the mother and provided visitation to the father. The father appeals.

We affirm. Initially, inasmuch as Family Court has entered a permanent order of custody following a hearing, the father's challenge to the temporary order is moot (*see Matter of Troy SS. v Judy UU.*, 69 AD3d 1128, 1134 [2010], *lv dismissed and denied* 14 NY3d 912 [2010]; *Matter of Loukopoulos v Loukopoulos*, 68 AD3d 1470, 1471 [2009]; *Posporelis v Posporelis*, 41 AD3d 986, 988 [2007]).

Both parties established a sufficient change in circumstances. Specifically, the father moved approximately 100 miles from Sullivan County, which would prevent the parties from continuing the mid-week physical custody transfer of the children unless they were home schooled, and the parties disagreed about continuing with home schooling (*compare Matter of Wilson v Hendrickson*, 88 AD3d 1092, 1093-1094 [2011]). Family Court then needed to determine what custody arrangement would serve the children's best interests. The mother lived in the former marital residence, where the children had lived their entire lives, both before the parties had separated and during the times that the mother had physical custody. All of the children's friends were in that vicinity and they had previously attended school there. Aside from their father's new home, the children had no ties to Herkimer County.

The mother had initially agreed to permit home schooling, but the father was supposed to be responsible for all aspects of instruction and associated paperwork. He testified that he did not file paperwork with the school district as required by state law; he blamed the district for not supplying forms, but he failed to give a written notice that is a precursor to the provision of such forms (*see* 8 NYCRR 100.10 [b], [c] [1]). The father filed the first quarterly report months late, at the end of the second quarter. The record contains conflicting information concerning

whether the children were receiving adequate instruction or progressing educationally.

Although the father agreed, when he first moved, that he would be responsible for transporting the children, he later decided that he would only provide half of the transportation. The parties disagreed over transportation responsibilities and details, leading to difficulties in the exercise of the father's visitation during the pendency of these proceedings. Although the mother became uncooperative with the father regarding scheduling visits, the father was difficult and unreasonable in changing the times and/or locations for transfers and making the mother wait an unusually long time on several occasions before letting her pick up the children. Considering all of the circumstances, and according appropriate deference to Family Court's supported factual findings and credibility determinations, the court did not err in determining that an award of primary physical custody to the mother, with set visitation to the father, would be in the children's best interests (*see Matter of Wilson v Hendrickson*, 88 AD3d at 1093-1095; *Matter of Berghorn v Berghorn*, 273 AD2d 595, 595-597 [2000]).

Lahtinen, J.P., Rose, Egan Jr. and Clark, JJ., concur. Ordered that the order is affirmed, without costs.