Devine, J.
Appeal from an order of the Family Court of Chemung County (Tarantelli, J.), entered February 10, 2016, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties’ child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2010). The parties live in or around the City of Elmira, Chemung County and have divided their parenting time in a way that has given each some responsibility for transporting the child to and from school. A dispute arose as to where the child should go to school after the mother moved into a different school district, with the mother unilaterally enrolling the child in a school near her for the 2015-2016 school year. The father filed a petition seeking a custody order that would, among other things, resolve that dispute. Family Court conducted a hearing and thereafter issued an order awarding the parties joint legal and shared physical custody of the child, “with the father’s address to be the primary for school enrollment purposes” from the 2016-2017 school year onward. The mother appeals and argues that the resolution of the school residency issue was not in the child’s best interests.
We disagree and affirm. Family Court “considered the appropriate factors” in rendering its determination, “such as the stability and quality of the respective environments, the ability of each situation to foster the child’s intellectual and emotional development and the feasibility of maintaining equal parenting time for the parties” (Matter of Voland v Stalker, 113 AD3d 1010, 1011 [2014]; see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1094 [2011]). It is undisputed that the mother and father are loving and capable parents who have coparented their child with few difficulties, one being which of two quality schools the child should attend. The parties still live near one another and each can drive to the school the other prefers in under 30 *1197 minutes. The father testified that he now owns a home near the school he prefers, is the only individual in his household capable of transporting the child to school and, because of his work schedule, has difficulty getting the child to the mother’s •preferred school on time. The mother does not have the same transportation difficulties, with a varying work schedule and a live-in boyfriend who is agreeable to driving the child to school as needed. Placing the child in the father’s preferred school would accordingly make more logistical sense and, moreover, would afford the child an education in the city where he was raised and where several involved relatives live. Thus, a sound and substantial basis in the record supports Family Court’s conclusion that the best interests of the child lie in listing his primary residence as the father’s for schooling purposes (see Matter of Voland v Stalker, 113 AD3d at 1011; Matter of Berghorn v Berghorn, 273 AD2d 595, 597 [2000]).
Garry, J.P., Egan Jr., Rose and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.