Rumsey, J.
 

 Appeal from an order of the Family Court of Broome County (Pines, J.), entered July 5, 2016, which, among other things, dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
 

 Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2012). By order entered in March 2013 after a hearing, the parties were granted joint legal custody and substantially equal parenting time. In 2015, the father filed a modification petition seeking primary physical custody of the child and the mother thereafter cross-petitioned seeking sole legal custody of the child. Each parent noted that the child was nearing school age and, inasmuch as they resided in different school districts, it was necessary to establish a primary residence for the child for the purpose of enrolling in school. After a hearing, Family Court awarded primary physical custody to the mother and certain parenting time to the father. The father now appeals.
 

 “A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof... to warrant the court undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child’s continued best interests” (Matter of Austin v Smith, 144 AD3d 1467, 1467-1468 [2016] [internal quotation marks and citations omitted]). Here, Family Court properly found that a change in circumstances existed based on the need to establish a primary residence for the child for school enrollment purposes (see Matter of Schmitz v Schmitz, 139 AD3d 1123, 1123-1124 [2016]; Matter of Austin v Smith, 144 AD3d at 1468). Thus, we must consider whether Family Court’s modification of the underlying order is supported by a sound and substantial basis in the record, which requires a review of a number of factors, “including each parent’s ability to furnish and maintain a suitable and stable home environment for the child, past performance, relative fitness, ability to guide and provide for the child’s overall well-being and willingness to foster a positive relationship between the child and the other parent” (Matter of Austin v Smith, 144 AD3d at 1468 [internal quotation marks and citations omitted]; see Matter of Berghorn v Berghorn, 273 AD2d 595, 596 [2000]).
 

 The father first challenges the award of primary physical custody to the mother. The record reflects that Family Court considered the appropriate factors and supports the determination that both parties were fit parents, able to provide a suitable and stable home environment for the child. The mother resided with the child and her two older children in a third-floor apartment adjacent to an apartment occupied by the mother’s parents, who helped her care for the children. The mother was employed full time, with hours that permitted her to be with her children after school. Although both of the mother’s parents smoked, neither smoked when in the presence of the child, and the father conceded that the child had not developed any health issues from living next door to his grandparents. The mother’s parents assisted with transporting the children to school and were available to assist as needed during the school day. There was no evidence of any negative impact on the child from the drug-related activity that the father alleged took place in the apartment building and within the neighborhood. The father resided in a single-family residence with his fiancée—where the child had a bedroom of his own and could play in the fenced-in yard—and was also employed on a full-time basis with a workday extending until 5:00 p.m. Notably, the record also supports the court’s determination that the mother was more willing than the father to foster a positive relationship between the child and the other parent. The mother testified that she was willing to work cooperatively with the father to resolve disagreements and acknowledged that the father should have visitation. By contrast, the father testified that he was unable to “see [the mother’s] side” when they disagreed and, further, that he did not want the child to be at the mother’s residence at any time, proposing that, if he was awarded residential custody, the mother should be required to exercise visitation at his residence or some location other than her own residence.
 
 *
 
 Thus, giving due deference to Family Court’s findings, we conclude that its determination awarding primary physical custody to the mother was supported by a sound and substantial basis.
 

 However, we agree with the father that Family Court did not articulate a reason for dramatically reducing his parenting time from approximately one half of each week to only two out of every 14 days plus two full weeks during the summer months. In that regard, the record showed that the father and child had a positive relationship, and the mother proposed that the father have more parenting time than was awarded by the court. Our authority in custody and visitation matters is as broad as that of Family Court and, inasmuch as the record is sufficient, we deem it appropriate to increase the father’s parenting time (see Matter of Austin v Smith, 144 AD3d at 1470; Matter of Gentile v Warner, 140 AD3d 1481, 1483 [2016]; Matter of Knox v Romano, 137 AD3d 1530, 1532 [2016]; Ehrenreich v Lynk, 74 AD3d 1387, 1390 [2010]). Accordingly, the father’s parenting time is increased to two out of every three weekends commencing December 16, 2017. The father’s parenting time on such weekends shall commence at 5:00 p.m. on Friday and conclude at 7:00 p.m on Sunday and, where his parenting time falls on a three-day holiday weekend, his parenting time shall be increased by one additional day—to commence on Thursday at 5:00 p.m. or to conclude on Monday at 7:00 p.m., as appropriate. Further, during the summer, which shall be the last Sunday in June through the first Sunday in September, the child shall spend alternating weeks with each parent, with the exchange to occur on Sundays at 7:00 p.m., or such other time as the parties shall agree. Family Court’s directive regarding holidays and its award to the father of such other and further parenting time as the parties agree shall continue.
 

 Garry, J.P., Devine, Mulvey and Aarons, JJ., concur.
 

 Ordered that the order is modified, on the law, without costs, by awarding petitioner additional parenting time as set forth in this Court’s decision, and, as so modified, affirmed.
 

 *
 

 Evidence regarding the school districts in which a child can potentially be enrolled may be relevant to a best interests determination where it relates to the size, available extracurricular activities, scholastic and educational opportunities available (see Matter of Berghorn v Berghorn, 273 AD2d at 596), or consists of expert testimony (see Matter of Biagini v Parent, 124 AD3d 1368, 1369 [2015]). Here, Family Court did not err in precluding the father from submitting the proof he offered regarding the school districts, inasmuch as it consisted only of unspecified “state rankings” and lay opinions.