Matter of Jason HH. v Kylee II. (2018 NY Slip Op 04048)





Matter of Jason HH. v Kylee II.


2018 NY Slip Op 04048


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

524057

[*1]In the Matter of JASON HH., Petitioner,
v
KYLEE II., Appellant. (And Another Related Proceeding)

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine and Clark, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
D. Alan Wrigley Jr., Cambridge, attorney for the child.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Warren County (Kershko, J.), entered October 4, 2016, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Kylee II. (hereinafter the mother) and Jason HH. (hereinafter the father) are the parents of one child (born in 2010). In October 2011, the parties stipulated to an order granting them joint legal custody and shared physical custody, with the mother having parenting time from 6:30 p.m. on Mondays until 6:30 p.m. on Thursdays, as well as alternate holidays. In 2015, the parties each filed petitions seeking sole custody of
the child. Due to allegations that the mother's live-in boyfriend was abusing the child, Family Court (Wait, J.) entered a temporary order granting the father primary physical custody and giving the mother weekend parenting time, but requiring the mother to exercise that time at her aunt's house and not permitting contact between her boyfriend and the child. A month later, after learning the results of investigations into the boyfriend, the court removed the restrictions on the mother but continued her weekend-only time because the child had begun attending school in the father's school district. Following a hearing, Family Court (Kershko, J.) granted the father sole legal and physical custody of the child and provided the mother with six hours of supervised visitation on Saturdays. The mother appeals.
"A parent seeking to modify an existing custody order first must demonstrate that a change in circumstances has occurred since the entry thereof that is sufficient to warrant the court [*2]undertaking a best interests analysis in the first instance; assuming this threshold requirement is met, the parent then must show that modification of the underlying order is necessary to ensure the child's continued best interests" (Matter of Menhennett v Bixby, 132 AD3d 1177, 1179 [2015] [citations omitted]; see Matter of Fiacco v Fiacco, 158 AD3d 1011, 1012 [2018]). The child was a toddler when the prior order was entered, and he began attending full-day school in 2015. This change in circumstances required modification of the physical custody arrangement because the parents live in separate school districts that are approximately one hour apart from each other and, under the prior order, they split the weekdays (see Matter of Woodrow v Arnold, 149 AD3d 1354, 1356 [2017]; Matter of Wilson v Hendrickson, 88 AD3d 1092, 1093-1094 [2011]). Regarding legal custody, the evidence demonstrated that the parents communicate essentially through text message, the mother and the father's wife have each accused the other of removing her from emergency contact lists, and the parties do not adequately communicate on the topics of the child's health and education. Because the father's home provides greater structure and stability and he has appropriately dealt with the child's health issues, while the mother complains that she is not kept informed of those health issues yet she has not taken the child to the doctor or even called the doctor's office to obtain information, the record evidence provides a sound and substantial basis for Family Court's decision to award the father sole legal and primary physical custody.
However, the record does not support Family Court's decision to reduce the mother's parenting time to six supervised hours per week. The first temporary order did not require supervision, even though the mother was living with a man who was alleged to have physically and sexually abused the child. That order only required that the mother prevent contact between the boyfriend and the child and that the visitation take place at the aunt's residence. The second temporary order removed those restrictions. By the time of the hearing, the boyfriend no longer lived with the mother and their relationship had ended. The mother had a positive relationship with the child and he wanted to spend more time with her. The record does not indicate that unsupervised time would be detrimental to the child. Neither the father nor the attorney for the child requested supervision or further curtailment of the mother's visitation. Thus, there is no basis to require supervision of the mother when she exercises parenting time, nor to limit her to only six hours per week (see Matter of Kuklish v Delanoy, 155 AD3d 1376, 1378-1379 [2017]). Her parenting time should be increased to two out of every three weekends, commencing after school on Friday, or at 3:00 p.m. if school is not in session, until 6:00 p.m. on Sunday, as well as alternating weeks during the summer break and alternating holidays as provided for in the 2011 custody order (see id.; Matter of O'Dale UU. v Lisa UU., 140 AD3d 1249, 1252 [2016]).
Lynch, Devine and Clark, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by awarding Kylee II. additional parenting time as set forth in this Court's decision, and, as so modified, affirmed.