Matter of Michelle B. v Angelo C. (2020 NY Slip Op 07956)





Matter of Michelle B. v Angelo C.


2020 NY Slip Op 07956


Decided on December 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 24, 2020

528966

[*1]In the Matter of Michelle B., Respondent,
v
Angelo C., Appellant. (And Another Related Proceeding.)

Calendar Date: November 20, 2020

Before: Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Colangelo, JJ.


Susan J. Civic, Albany, for appellant.
Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for respondent.
Alexandra G. Verrigni, Rexford, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Saratoga County (Pelagalli, J.), entered March 27, 2019, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2008). The parties shared joint legal and physical custody of the child based upon a 2010 order entered on consent. The 2010 order was silent as to what school district the child would attend. In 2017, the mother moved to the City of Saratoga Springs, Saratoga County and the child was enrolled and attended a school in a district therein. The father objected to this enrollment and attempted to enroll the child in a school in the district where he resided with his girlfriend. The parties subsequently filed competing modification petitions, with each of them seeking an order directing that the child attend school in the district where each respectively resided. Following fact-finding and Lincoln hearings, Family Court granted the mother's petition and dismissed the father's petition. The father appeals. We affirm.
The parties do not dispute that a change in circumstances existed. Accordingly, the issue distills to whether Family Court's determination that the child attend school in the district where the mother resided served the best interests of the child (see Matter of Brent O. v Lisa P., 161 AD3d 1242, 1243 [2018]; Matter of Voland v Stalker, 113 AD3d 1010, 1011 [2014]). The court found, and the record confirms, that the child was performing academically well and had friends in the school in the district where the mother resided. The mother owned her own business and was able to see the child off to school in the morning. The mother also testified that the child participated in extracurricular activities since her enrollment at her current school. The father stated that he had access to a parent portal for the child's school and recognized that the child was doing well at school. He also testified that, other than the fact that the child would have to be in a new building for middle school, he did not have any "immediate concerns" about the child's current school.
In view of the foregoing, as well as the testimony from the Lincoln hearing, Family Court's determination has a sound and substantial basis in the record and is in accord with the best interests of the child (see Matter of Wisneski v Shafer, 149 AD3d 1196, 1196-1197 [2017]; Matter of Voland v Stalker, 113 AD3d at 1011). Although the father challenges the weight placed by the court on certain evidence and testimony, we defer to the court's findings and assessment of witness credibility (see Matter of Matthew K. v Beth K., 130 AD3d 1272, 1274 [2015]). As such, the court's determination will not be disturbed.
Egan Jr., J.P., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the order is [*2]affirmed, without costs.