Matter of Christopher WW. v Avonna XX. (2022 NY Slip Op 01222)





Matter of Christopher WW. v Avonna XX.


2022 NY Slip Op 01222


Decided on February 24, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:February 24, 2022

533337
[*1]In the Matter of Christopher WW., Appellant,
v
Avonna XX., Respondent. (And Another Related Proceeding.)

Calendar Date:January 12, 2022

Before:Lynch, J.P., Clark, Aarons and Reynolds Fitzgerald, JJ.

Lindsay H. Kaplan, Kingston, for appellant.
Betty J. Potenza, Highland, for respondent.
Claudia S. Davenport, Kingston, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Ulster County (McGinty, J.), entered April 19, 2021, which dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, to modify prior orders of custody and visitation.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a child (born in 2013). In March 2018, an order of protection was issued directing that the father stay away from the mother and the child except for supervised visitation. Pursuant to an April 2018 custody order, the mother had sole legal and physical custody of the child with the father having supervised visitation through a supervised visitation program. The April 2018 order also provided that, if the father adhered to six months of regular, consistent and appropriate contact with the child through a supervised visitation program, such contact would constitute a change in circumstances permitting the father to seek modification of such order. In 2020, the father commenced a proceeding under Family Ct Act article 6 seeking to modify the April 2018 order. A fact-finding hearing ensued, after which Family Court, as relevant here, dismissed the modification petition and directed that any visitation between the father and the child continue to be supervised through the supervised visitation program. The father appeals.
The parties do not dispute that a change in circumstances existed since the entry of the April 2018 order and, therefore, the inquiry distills to whether Family Court's decision that the father have supervised visitation with the child served the child's best interests (see Matter of Jamie UU. v Dametrius VV., 196 AD3d 759, 760 [2021]; Matter of Michelle B. v Angelo C., 189 AD3d 1907, 1908 [2020]). "Family Court may properly order supervised visitation if it finds that unsupervised visitation would be detrimental to the child['s] safety because the parent is either unable or unwilling to discharge his or her parental responsibility properly" (Matter of Donald EE. v Cheyenne EE., 177 AD3d 1112, 1115 [2019] [internal quotation marks and citation omitted], lvs denied 35 NY3d 903 [2020]; see Matter of Cory O. v Katie P., 162 AD3d 1136, 1138 [2018]). Family Court retains broad discretion in determining whether a parent's visitation should be supervised, and its determination will not be disturbed where it is supported by a sound and substantial basis in the record (see Matter of Jorge JJ. v Erica II., 191 AD3d 1188, 1191 [2021]; Matter of Naquan V. v Tia W., 172 AD3d 1467, 1469-1470 [2019]).
Family Court found, and the record confirms, that the father did not have regular and consistent supervised visitation with the child for a period of six months as contemplated by the April 2018 order. In this regard, the father testified that he had a total of seven visits with the child through the supervised visitation program starting in April 2018 but that he stopped them in September 2018. According [*2]to the father, the reason why he stopped the supervised visitation was that he only had one hour with the child and that he "needed more time." After September 2018, the father visited with the child but they were not supervised through the supervised visitation program. The father also testified about his interactions with the child and also stated that the mother consented to him having unsupervised visitation.
Even though the father was the only witness who testified at the hearing, Family Court found that he was not credible and that his testimony was "often self-serving rather than accurate." The court further found that the father made "grandiose statements regarding his parenting capabilities" and that he disregarded the terms of the March 2018 order by visiting with the child while unsupervised (see Matter of Kryvanis v Kruty, 288 AD2d 771, 772-773 [2001]). The documentary evidence likewise supports the court's finding that the father had difficulty imposing appropriate parental limits during his supervised visitation with the child and following the monitor's directions and parenting cues. According deference to the court's credibility determination in view of its superior position to observe the father's demeanor (see Matter of Adam E. v Heather F., 151 AD3d 1212, 1215 [2017]; Matter of Simpson v Simrell, 296 AD2d 621, 621-622 [2002]) and because the court's findings are supported by a sound and substantial basis in the record, its visitation decision will not be disturbed (see Matter of Sonya M. v Tabu N., 198 AD3d 1206, 1211 [2021]; Matter of Amanda YY. v Faisal ZZ., 198 AD3d 1125, 1128-1129 [2021]; Matter of Custer v Slater, 2 AD3d 1227, 1228 [2003]).[FN1]
Lynch, J.P., Clark and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Of note, although not determinative, Family Court's decision is in accord with the position of the attorney for the child (see Matter of Holly F. v Daniel G., 193 AD3d 1292, 1294 [2021], lvs denied 37 NY3d 904 [2021]).