Matter of McCall v McCandlish (2022 NY Slip Op 04727)

Matter of McCall v McCandlish

2022 NY Slip Op 04727

Decided on July 27, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 27, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.

2021-06663
 (Docket Nos. V-7517-19/21B/21C, V-7518-19/21B/21C)

[*1]In the Matter of Lauren W. McCall, respondent,David M. McCandlish, appellant. (Proceeding No. 1)
In the Matter of David M. McCandlish, appellant,
v Lauren W. McCall, respondent. (Proceeding No. 2)

Brettschneider & Brettschneider LLP, Poughkeepsie, NY (Joseph M. Brettschneider of counsel), for appellant.
John J. Leonard, Hampton Bays, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Kerri N. Lechtrecker, Ct. Atty. Ref.), dated August 11, 2021. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the mother's petition which was to modify an order of the Court of Common Pleas of Philadelphia County, Pennsylvania, dated June 15, 2016, so as to provide that the parties' children shall be enrolled in the Mattituck School District from the seventh grade through the twelfth grade to the extent of directing that the children be enrolled in that school district for the seventh and eighth grades.
ORDERED that the order dated August 11, 2021, is affirmed insofar as appealed from, with costs.
The parties were married on August 14, 2011, and have two children in common. On June 1, 2016, the parties were divorced by a decree and order of the Court of Common Pleas of Philadelphia, Pennsylvania (hereinafter the Court of Common Pleas). Pursuant to the parties' separation agreement, which was incorporated into an order of the Court of Common Pleas dated June 15, 2016 (hereinafter the custody order), the parties were awarded joint legal custody of the children, and were to jointly agree on a private school for the children to attend starting in the sixth grade.
In March 2021, the father filed a petition to modify the custody order so as to provide that the elder child shall be enrolled in the Peconic Community School from the sixth grade through the eighth grade. In May 2021, the mother filed a petition seeking, inter alia, to modify the custody order so as to provide that the children shall be enrolled in the Southold Union Free School District [*2]from the seventh grade through the twelfth grade. The mother's petition was subsequently amended to substitute the Mattituck School District for the Southold Union Free School District. In an order dated August 11, 2021, made after a hearing, the Family Court, among other things, in effect, granted that branch of the mother's petition which was to modify the order of the Court of Common Pleas so as to provide that the children shall be enrolled in the Mattituck School District from the seventh grade through the twelfth grade to the extent of directing that the children be enrolled in that school district for the seventh and eighth grades. The father appeals.
"In order to modify an existing custody or parental access arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter of Felgueiras v Cabral, 204 AD3d 790, 791; see Matter of Merchant v Caldwell, 198 AD3d 782, 783; Matter of Gonzalez v Santiago, 167 AD3d 887, 889). The best interests of the child are determined by assessing the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172). The Family Court's determination will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of Voland v Stalker, 113 AD3d 1010, 1010; Matter of Crudele v Wells, 99 AD3d 1227, 1227; Matter of Indig v Indig, 90 AD3d 1050, 1051; Matter of Grant v Grant, 89 AD3d 1023, 1024).
Here, the father does not contest that there was a change of circumstances warranting modification of the terms of the parties' separation agreement with respect to the enrollment of the children in school, since the parties were unable to jointly agree on a school.
Contrary to the father's contention, the Family Court's determination that it was in the best interests of the children to be enrolled in the Mattituck School District for the seventh and eighth grades, as opposed to the Peconic Community School, is supported by a sound and substantial basis in the record, and we decline to disturb it (see Matter of Voland v Stalker, 113 AD3d at 1011; Matter of Grant v Grant, 89 AD3d at 1024-1025). Here, the father acknowledged that the Peconic Community School has "previously only gone through . . . sixth grade," and stated, without explanation, that it "now was expanding." As the hearing court found, "there was no evidence that the Peconic Community School even has an eighth grade class," and if the children were enrolled in the Peconic Community School for the sixth grade as the father requested, the children might have to "change schools again for either seventh or eighth grade," whereas the children could have "a continuity of their education" if enrolled in the Mattituck School District for the seventh and eighth grades. Moreover, the evidence demonstrated that the only private high schools in the region would require the children to travel approximately an hour to get to school. The father did not offer any specific concerns regarding the children attending the Mattituck School District, stating simply that he preferred the Peconic Community School due to its "educational philosophy." Accordingly, under the circumstances presented, the Family Court properly directed that the children shall be enrolled in the Mattituck School District for the seventh and eighth grades.
BRATHWAITE NELSON, J.P., CHAMBERS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court