Matter of Faith NN. v Dewey OO. (2024 NY Slip Op 03117)

Matter of Faith NN. v Dewey OO.

2024 NY Slip Op 03117

Decided on June 6, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 6, 2024

CV-23-1150
[*1]In the Matter of Faith NN., Appellant,
v
Dewey OO., Respondent. (And Two Other Related Proceedings.)

Calendar Date:April 23, 2024

Before:Pritzker, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Lisa K. Miller, McGraw, for appellant.
Christopher Hammond, Cooperstown, for respondent.
Pamela Doyle Gee, Big Flats, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schuyler County (Matthew C. Hayden, J.), entered June 1, 2023, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a child (born in 2015). Pursuant to a May 2021 custody order entered on consent, the parties shared joint legal custody of the child and an equal parenting time schedule consisting of rotating physical custody of the child on a weekly basis. The order did not contain a provision as to what school district the child should attend. At the time the order was entered, the mother was residing in Schuyler County, and the child was attending Watkins Glen Elementary School.
In December 2022, the mother filed a modification petition seeking to enroll the child in a new school district. The father filed a competing modification petition seeking to change the child's residency for school purposes to his residence in the Town of Newfield, Tompkins County and to enroll the child in the Newfield Central School District. The mother filed a second modification petition seeking to enroll the child in the South Seneca Central School District and seeking sole legal custody of the child. Following a fact-finding hearing, Family Court, as relevant here, awarded the father primary placement of the child solely for purposes of enrolling the child in the Newfield Central School District and continued the parties' joint custody and shared custodial arrangement. The mother appeals.
We affirm. "A party seeking to modify a prior order of custody must show that there has been a change in circumstances since the prior order and, then, if such a change occurred, that the best interests of the child would be served by a modification of that order" (Matter of David BB. v Danielle CC., 216 AD3d 1281, 1282 [3d Dept 2023] [internal quotation marks and citation omitted]). On appeal, the mother does not dispute the existence of a change in circumstances, and our review of the record confirms Family Court's determination in that respect (see Matter of Patricia Y. v Justin X., 219 AD3d 1586, 1587 [3d Dept 2023]; Matter of David VV. v Alison YY., 203 AD3d 1534, 1535 [3d Dept 2022], lv denied 38 NY3d 908 [2022]). Accordingly, the issue distills to whether Family Court's determination that the child should be enrolled in the Newfield Central School District, in accordance with the father's residence, is in the best interests of the child.
In determining the best interests of the child, courts must consider, among other factors, the stability and quality of the child's environment, the ability of each parent to foster the child's intellectual and emotional development and the feasibility of maintaining equal parenting time with the child and each parent (see Matter of Voland v Stalker, 113 AD3d 1010, 1011 [3d Dept 2014]). The record establishes [*2]that Family Court took these considerations into account while appropriately factoring in which school would provide the child with said continuity and stability, minimize travel time and maximize the child's quality time with her parents. The testimony primarily focused on the logistics of transporting the child from each parent's residence to each school district. The mother testified that it takes approximately 40 minutes to drive the child from her residence to the Newfield Elementary School. The father testified that it takes approximately 36-40 minutes to drive from his residence to the South Seneca Elementary School. The court further took into consideration, as an "important factor," that the mother's place of employment — which she drives to on a daily weekday basis — is located in the same direction as the Newfield Elementary School. Moreover, when the mother is at work, she is much closer to the Newfield Elementary School than to the South Seneca Elementary School. Looking to the future, the court noted that if the child attended South Seneca Middle School, the father's driving time would increase, whereas if the child attended the Newfield Middle School, which is located in the same area as the elementary school, neither party's transportation time would be subject to change. Although the mother challenges the weight given by the court to certain evidence and testimony, we accord due deference to Family Court's credibility determinations and conclude that there is a sound and substantial basis to support Family Court's finding that it was in the child's best interests to attend the Newfield Central School District (see Matter of David BB. v Danielle CC., 216 AD3d at 1284; Matter of Michelle B. v Angelo C., 189 AD3d 1907, 1908 [3d Dept 2020]; Mann v Mann, 83 AD3d 1146, 1147 [3d Dept 2011]).
To the extent that the mother faults Family Court for failing to conduct a Lincoln hearing, this issue is unpreserved given the absence of any request for Family Court to conduct such hearing (see Matter of Janeen MM. v Jean-Philippe NN., 183 AD3d 1029, 1031 [3d Dept 2020], lv dismissed 35 NY3d 1079 [2020]; Matter of Gallo v Gallo, 138 AD3d 1189, 1191 [3d Dept 2016]). In any event, although not determinative, the child's appellate attorney advocates to affirm Family Court's order.
Pritzker, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.