Matter of Lord v Carter

2026 NY Slip Op 02655

April 29, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Coleen Lord, appellant,

v

Nicholas Carter, respondent. (Proceeding No. 1.)

In the Matter of Nicholas Carter, respondent,

Coleen Lord, appellant. (Proceeding No. 2.)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 29, 2026

2024-01449, (Docket Nos. V-8178-20, V-8178-20/20A, V-8192-20)

Betsy Barros, J.P.

Angela G. Iannacci

Donna-Marie E. Golia

Lisa S. Ottley, JJ.

Arza R. Feldman, Manhasset, NY, for appellant.

Salvatore C. Adamo, New York, NY, for respondent.

Steven N. Feinman, White Plains, NY, attorney for the child.

[*1]

DECISION & ORDER

In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Catherine E. Miller, Ct. Atty. Ref.), dated January 10, 2024. The order, after a hearing, granted that branch of the father's petition which sought to enroll the parties' child in the South Huntington Union Free School District, and denied that branch of the mother's petition which sought to enroll the child in the Hauppauge Union Free School District.

ORDERED that the order is affirmed, without costs or disbursements.

The parties, who have one child together, each petitioned for custody of the child. The parties subsequently entered into a so-ordered stipulation which, inter alia, provided for joint legal custody and alternating weekly parental access with each parent. However, the parties, who reside in different school districts, were unable to come to an agreement as to where the child should attend school. The Family Court conducted a hearing on the issue of school district enrollment for the child. After the hearing, in an order dated January 10, 2024, the Family Court granted that branch of the father's petition which sought to enroll the child in the South Huntington Union Free School District and denied that branch of the mother's petition which sought to enroll the child in the Hauppauge Union Free School District. The mother appeals.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Verfenstein v Verfenstein, 171 AD3d 841, 842; see Eschbach v Eschbach, 56 NY2d 167, 171). The Family Court's determination in that regard will not be set aside unless it lacks a sound and substantial basis in the record (see Matter of McCall v McCandlish, 207 AD3d 725, 726).

Contrary to the mother's contention, the Family Court's determination that it was in the best interests of the child to be enrolled in the South Huntington Union Free School District, as opposed to the Hauppauge Union Free School District, is supported by a sound and substantial basis in the record. Among other things, the evidence demonstrated that the child's well-being would be fostered by the diverse, multicultural environment he would enjoy in the South Huntington Union Free School District and that the father was likely to continue to reside in that school district, providing the child with stability and continuity in his education (see Matter of McCall v McCandlish, 207 AD3d at 727; see also Verfenstein v Verfenstein, 171 AD3d at 842).

Accordingly, we affirm the order appealed from.

BARROS, J.P., IANNACCI, GOLIA and OTTLEY, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court